CASE 118—PETITION ORDINARY—SEPTEMBER 28.

## Meriwether v. Morrison.

APPEAL FROM TODD CIRCUIT COURT.

1. Gifts *inter vivos*. M., a few months before his death, made the following indorsement upon each of two notes held by him: "I transfer the within note as a gift to Miss Agnes Morrison," and handed the notes to his nephew, directing him to put them away, and give them to the assignee after his death. M. informed Miss Morrison that he had given her the notes.

2. In an action by the assignee to recover possession of the notes after M.'s death, a verdict for plaintiff is sustained, on the ground that the facts proved are sufficient to constitute the transaction a gift *inter vivos*.

BEN. T. PERKINS, JR., FOR APPELLANT.

1. The verdict in this case is palpably and flagrantly against the evidence.

2. The assignment of the notes to appellee by W. D. Meriwether, sr., was not a gift *inter vivos*, because there was no delivery to the donee.

(Duncan's adm'r v. Duncan, 5 Lit., 12; Brown v. Brown's adm'r, 4 B. M., 538; Knott v. Hogan, 4 Met., 102.)

3. To constitute a gift *causa mortis*, it is essential that there shall be an actual delivery of the thing given, and that it shall be made in the donor's last illness, and in expectation of death. (Hedges v. Hedges, Prec. Chanc., 269; Turpin v. Thompson, 2 Met., 420; 2 Kent, 437, 438; Williams on Executors, 651, and cases there cited.)

H. G. PETRIE AND A. DUVALL FOR APPELLEE.

1. From the testimony, the jury were authorized to conclude that W. D. Meriwether, sr., after assigning the notes to appellee, delivered them to appellant in trust for her, and, upon the delivery to the trustee, the gift was complete. (Southerland v. Southerland's adm'r, 5 Bush, 592; Kemper v. Kemper, 1 Duvall, 402.)

2. The facts in this case are sufficient to constitute a parol enforceable trust, which a court of equity would enforce, and, the end having been accomplished through the aid of a court of law, it will not be disturbed. (Barkley, &c., v. Lane's ex'r, 6 Bush, 588, and cases there cited.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This action was instituted by appellee to recover the possession of two promissory notes executed by A. M. Barker to W. D. Meriwether, sr., and assigned to appellee. It is insisted by counsel for appellant that the evidence does not support the verdict. A disposition of this question in favor of appellee will render it unnecessary to consider the other assignments of error, as they are principally in reference to the instructions, which are unquestionably correct if the evidence is sufficient.

The undisputed facts are: Appellee, a cousin of W. D. Meriwether, sr., lived with him as a member of his family for several years immediately preceding his death. W. D. Meriwether, sr., was quite wealthy; frequently said he intended to provide for appellee, and, after the assignment of these notes to her, repeatedly stated that he had made provision for her by giving her the Barker notes. The indorsements upon the notes were made some months prior

to the death of Meriwether, sr., and read: "I transfer the within note as a gift to Miss Agnes Morrison."

The statement of appellee in reference to the assignment is: "A few weeks before he died Mr. Meriwether called me to his bed and told me he had given me two notes on Alex. Barker, and said he had placed them in the hands of Dr. Will. Meriwether, jr. (appellant), for me. . . . While we were talking Dr. Will. Meriwether came into the room and W. D. Meriwether, sr., asked him if the notes he had given to me were fixed so that I would have no difficulty about them, and he said they were. On another occasion, in the presence of Miss Fannie King and Miss Raine, he told me that he had placed the notes in the hands of Dr. Will. Meriwether for me."

On direct examination, and after stating that he wrote the assignments on the notes at the dictation of Meriwether, sr., appellant says: "He then handed them to me and told me to put them back in the desk, and to give them to plaintiff after his death. I put them back in his desk, locked it, gave him the key, and saw them no more until after said Meriwether's death; and until after his death I had no control over the notes."

On cross-examination he stated, as set forth in the bill of exceptions, that "he lived with said Meriwether; was the only male member of his family; said Meriwether was a bachelor, quite wealthy. Cannot remember what language W. D. Meriwether used at the time he handed me the notes, but the substance was to put them away. Cannot remember that he used the word desk or pocket-book, but know that he did put the notes in his desk and had them no more until after his death. The desk was in the large room, and in the latter part of his life the key thereto was kept in

the closet, and witness kept the key to the closet door, and went to the closet to get clothes for the old man."

It is also in evidence that W. D. Meriwether, sr., died testate, and that there is no provision in his will for appellee, and that no mention is made of the Barker notes, or any other notes.

Upon this evidence, the jury were authorized to find that the notes were placed in the hands of appellant in trust, to be delivered to appellee on the death of W. D. Meriwether, sr., and that they remained under the control of appellant until the death of Meriwether, sr.; or, they were authorized to find that, after the notes were delivered to appellant for appellee, they were placed in the desk of Meriwether, sr., and remained under his control until his death. In either case, we think it was a gift *inter vivos*, and that the title to the notes vested in appellee at the instant they were assigned and placed in the hands of appellant. The contingency of death simply postponed the beneficial enjoyment. It was an event that must happen, and did not render the gift conditional. By the assignment and delivery, all control over the notes passed from Meriwether, sr., and the gift became irrevocable.

It is to be borne in mind that the decision in this case is to be governed by the long established rule that the finding of a jury upon the facts is not to be disturbed, unless palpably and flagrantly against the weight of the evidence.

In Ray v. Simmons (11 R. I., 266), the facts are that B. deposited in bank certain moneys in his own name as trustee for R. B. gave the bank-book to R., who returned it to B., in whose control it remained. In an equity suit by R. against the administrator of B., claiming the deposit, it was held that the trust was completely constituted, and the fact that it was voluntary was no reason for refusing it.

In Ellis v. Secor (31 Mich., 185), the facts are: On a slate by the bed-side of E., who was found dead, was, in her writing, and signed by her: "I wish Dr. L. to take possession of all, both personal, real, and mixed. I am so sick I believe I shall die; look in valise." In a valise was found a memorandum written by her directing Dr. L. to take all of her property. In the opinion it is said: "We think it clear that Rachel Hill did all that she could to create a gift *causa mortis*, and fully intended it, and that her written declaration should prevail as a valid appointment to the uses indicated as fully as if there had been a manual delivery of the securities."

So far as the act of delivery is necessary to complete the gift, the law is the same as to gifts *causa mortis* and *inter vivos*.

A case in point is Hill v. Stevenson (63 Maine, 364). M., having money on deposit in bank, handed her book to C., at the same time saying to him that she gave the money in that book to H. and I., and requested him to keep the book, and, after her decease, divide the money between H. and I. It was held to be a valid gift of the money on deposit to H. and I.

In Minor v. Rogers (40 Conn., 512), A. deposited in bank money in her own name as trustee for W., but during her life drew out the money at different times. A. died, leaving a will, in which no mention was made of W. or the deposit. In a suit by W. against the executor of A. it was held that the deposit was a complete gift that the depositor could not revoke. (See also Camp's Appeal, 36 Conn., 88; Gardner v. Merritt, 32 Md., 78; Southerland v. Southerland's adm'r, 5 Bush, 591.)

Judgment affirmed.