ELIZABETH STRETLOW *v.* W. H. VONDERHIDE'S EXR.

[Abstract Kentucky Law Reporter, Vol. 3—472, as Strelow v. Vonderhide.]

**Gift to Relative.**
> Where a bachelor, tenderly cared for by his niece for many years, turns over to her notes not in excess of a settlement of the obligation he owes to her, and the evidence shows by disinterested witnesses that he intended to give her the notes and expressed his purpose for years prior to his death to give her all of his estate, and said to witnesses that he had given her the notes subject to his right to draw the interest during his lifetime, such evidence is sufficient to uphold the gift even in the face of a will, duly probated, undertaking to dispose of all his estate.

APPEAL FROM LOUISVILLE CHANCERY COURT.

Deember 10, 1881.

OPINION BY JUDGE PRYOR:

If there was no motive prompting the gift of the notes in controversy but the blood relation existing between the donor and the appellant, or if the proof of her meritorious claim comes alone from her immediate family and relatives, there might well arise a suspicion, at least, that the notes were only left in the custody of the appellant for safe-keeping, and with no purpose on the part of the appellee's intestate to part with any interest in them; but a much stronger case is presented by the appellant. Her uncle, the testator, was a bachelor, advanced in years, of intemperate habits, and for several years prior to his death seems to have been in feeble health, requiring the care and attention so necessary to the comfort of one in his condition.

Among all of his relatives in this country (being a foreigner by birth) no one but the appellant administered to his wants and nursed him in his sickness. He was sick at her house for months, and made that his home for years; and recognizing his obligation to this niece for her kindness, he expressed a purpose years before his death of giving to her the whole of his estate. He in fact made a will for the purpose of executing this intention, and for fear that he might die and that some obstacle would present itself in the way of the appellant getting possession of his estate, he declared his purpose to at once give the notes to the appellant with the understanding that she was to let him have, or that he was entitled to receive, the interest accruing on the notes as long as he lived. That he gave her the notes is abundantly shown by her immediate friends and family, and also that he was moved to make the gift by reason of the care and attention bestowed upon him by the appellant when his other relatives were not inclined to notice him, and certainly not to nurse him when recovering from his drunken frolics. There is no proof adverse to the claim of the appellant, except the declarations of the uncle a short time before he died, and the execution of a will, by which he seems to have forgotten the affection and kindness of the niece and devised all his property to kindred in Germany, except such as originated from the relation of brother and sister. The circumstances under which that will was written and the conditions of the unfortunate man at the time presents but slight grounds for rejecting the claim of the appellant; it declares an intention contrary to a fixed purpose long entertained, and is in entire disregard of the obligation he was under to the niece, springing not only from the many evidences of her affection for him, but from a valuable consideration by reason of the services rendered by her, at his instance and for his own welfare. It is true, the will, being probated, must be regarded and treated as the last will of the testator; but in this case it is to be considered, if at all, as a circumstance conducing to show that no gift was made of the notes in controversy. The admission to the county judge that she had notes and papers in her possession belonging to the testator has been given due weight, and his refusal to advise or take possession of the notes indicates that he felt the appellant should have legal advice before taking any steps that might prejudice her claims. That she claimed the notes is manifest; and in ignorance of her rights, or

as to what constituted a gift of the notes, she might well have applied to the county judge for advice.

The reason the testator assigned to nearly all the witnesses for making the gifts is expressed in the language used in one or more of their statements "that Mrs. Stretlow had treated him kindly, waited upon him, and took up for him when the others treated him badly." Ferguson, who was the obligor in the largest note, says that he executed the notes to the testator, and that he saw him deliver them to Mrs. Stretlow; that the notes were renewed from time to time, and whenever renewed she had the possession, and they were handed back to her. He had expressed prior to that time his intention to withdraw his money from the bank and loan it out, so that he could give the notes to the appellant, and his transactions with Ferguson show that he had executed that purpose. Dr. Knightly states that he knew the deceased about one year prior to his death, and that the appellant had told him that her uncle had given her these notes, and that he heard the same statement made in her uncle's presence. George Wagner states that the testator informed him on several occasions that he had given Mrs. Stretlow the notes and all he was worth except the interest during his life.

It may be urged that these conversations had reference to the will executed by him, and that his right to revoke that will cannot be doubted. This argument might prevail if the testator had not declared his purpose of converting his money into notes and delivering them to the appellant, so as to prevent trouble at his death. This he did, and if living, with an action in equity or at law to recover these notes, upon such proof as is found in this record as to the character of services rendered by the appellant for the deceased, it would be difficult to induce a court or jury to determine that the gift was revocable, or that no such gift was in fact made. It is certain that the declarations of the donor, made subsequent to the delivery of the notes, would be incompetent to explain the purpose on his part in placing the appellant in the possession of the paper. But admitting all the testimony as competent, and giving to the appellee the benefit of all the facts and circumstances connected with the case, the proof is convincing that these notes were given to the appellant not only in consideration of love and affection, but for a consideration actually rendered in the way of services in nursing, boarding and taking care of the decedent for a number of years, equal in value to the face of the paper. We perceive no rea-

son why the delivery of the notes upon such a consideration, reserving the interest, does not vest the holder with the property in it, certainly the equitable right, as against the donor, his heirs and representatives.    See *Meriwether v. Morrison,* 78 Ky. 572.

The proceedings in the county court can not be held prejudicial to the appellant.    The response made by her on each occasion when improperly proceeded against by rule works no estoppel, nor is the one inconsistent with the other.    She denied in each that she had any property or notes belonging to the estate of her uncle, and it is evident that up to that time she had not been properly advised, or was in ignorance of what her rights were by withholding from her attorney facts within her knowledge and about which he should have been informed.    This does not militate against a claim, proven as this is, and by parties who have no interest whatever in the result of the controversy.    It is meritorious, just and equitable, and the appellant should have been adjudged the owner of the notes, less the interest that had accrued up to the death of the testator.

The judgment is *reversed* with directions to enter such a judgment upon the return of the cause, and for further proceedings consistent with this opinion.

*O. H. Stratton, William Lindsay, for appellant.*
*Everback, Bacon & Badger, for appellee.*