CASE 103—PETITION EQUITY—JANUARY 7.

# Roche, &c., v. George's Ex'or.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. A TRUST CREATED BY PAROL WILL BE ENFORCED where it is established by certain and undoubted testimony, and such as to leave in the mind of the court no rational doubt as to the act of the testator by which the transfer is claimed to have been made.

A testator who had on several occasions expressed his intention to give his sister a note which he held on her husband, said to his son not long before his death that he wanted the note collected and the proceeds paid to his sister. To his physician he said about two days before his death that he wished him to say to his son he wished that note, describing it, collected and the proceeds given to his sister for her individual use and benefit; and a few minutes before he died he said to his physician: "Be sure and not forget to tell Joe (his son) to execute this wish." *Held*—That the trust is sufficiently established and should be enforced.

2. THE CHANCELLOR WILL NOT PERMIT A TRUST TO FAIL by reason of the refusal of the named trustee to act.

C. J. BRONSTON FOR APPELLANTS.

To fasten a trust on property by parol declaration it is only necessary that the language used clearly and explicitly manifests the owner's purpose to transfer the right, and points out with certainty both the subject of the trust and the person who is to take the beneficiary interest. (Snell's Principles of Equity, 98; Bispham's Principles of Eq., secs. 64–5; Pomeroy's Eq., secs. 997–1009; Hill on Trustees, 55; Lewin on Trusts, 56; Fisher v. Fields, 10 John., 504; 2 Fonb. Eq., 36, and note; 3 Ves. Jr., 9; Barkley v. Lane's Exo'rs, 5 Bush, 589; Southerland v. Southerland's Adm'r, 5 Bush, 594; Merriwether v. Morrison, 78 Ky.; Kekewich v. Manning, 1 De G. M. & G., 176; *Ex parte* Pye 18 Ves., 140; Richardson v. Richardson, Law Rep., 3 Eq.; Baddeley v. Baddeley, Law Rep., 9 Ch. Div., 113; Grant v. Grant, 4 A. & E., 86; Morgan v. Walleson, Law Rep., 10 Eq., 475; 4 Lawson's Rights, Remedies and Practice, sec. 1979; Stephenson's Adm'r v. King, 81 Ky.; Williamson v. Yager, 91 Ky., 282; Barton v. Barton, 80 Ky., 215; Penford v. Mould, Law Rep., 4 Eq., 564; Ellis v. Secor, 18 Am. Rep., 179.)

C. SUYDAM SCOTT FOR APPELLEE.

1. A gift of a promissory note, whether *inter vivos* or *causa mortis*, by

Vol.—93 39

the owner of the complete title thereto, absolutely requires delivery to the donee, or to some one for him, either of the note itself or, if it be inaccessible, of some tangible evidence of title thereto. (Pomeroy's Eq. Juris., vol. 3, secs. 1146, 1148, 1149; 3 Redfield on Wills, p. 326; Ward v. Turner, 2 Ves., 431; s. c., 1 White & Tudor's Leading Cases in Eq., 1205; Parrish v. Stone, 14 Pick., 198, 203, 204; Nelson v. Cartmel's Adm'r, 6 Dana, 8; Turpin v. Thompson, &c., 2 Met., 420; Kemper, &c., v. Kemper's Adm'r, 1 Duv., 401; Ashbrook v. Ryon's Adm'r, 2 Bush, 230; 2 Kent's Com., 438; 3 Waite's Actions and Defenses, pp. 505, 506, 509; 8 Waite's Actions and Defenses, 291, 292; 1 White & Tudor's Leading Cases in Eq., 1222, 1223, 1227, 1228, 1233, 1234, 1240, 1241, 1244, and cases cited; Young v. Young, 80 N. Y., 422; Gass v. Simpson, 4 Cold. (Tenn.), 297; Harris v. Clark, 3 Coms., 93; s. c., 48 Am. Rep., 507 n; Grymes v. Horn, 49 N. Y., 17; s. c., 10 Am. Rep., 315; Merriwether v. Morrison, 78 Ky., 576; Shaw v. Abrahams, 1 Ky. Law Rep., 315.)

The cases of Ellis v. Secor, 31 Mich., 185, and Southerland v. Southerland's Adm'r, 5 Bush, 591, commented on.

2. The statements made by appellee's testator did not amount to a declaration of trust. (Perry on Trusts, sec. 102; Young v. Young, 80 N. Y., 422; s. c., 36 Am. Rep., 640; 1 White & Tudor's Leading Cases in Eq., 400; 3 Pomery's Eq., sec. 1147; Antrobus v. Smith, 12 Ves., 39; Brunn v. Schoett, 59 Wis., 261; s. c., 48 Am. Rep., 504; Warriner v. Rogers, Law Rep., 16 Eq., 340; s. c., 34 Am. Rep., 504; Martin v. Funk, 75 N. Y., 134; s. c., 34 Am. Rep., 446; Milroy v. Lord, 4 De G. F. & J., 264; 4 Lawson's Rights, Remedies and Practice, sec. 2007; Ellison v. Ellison, 6 Ves., 656; 1 White & Tudor's Leading Cases in Eq., 387, 400, 420, 421, 427, 429, 431, 446; Minturn v. Seymour, 4 John. Chy., 498, 500: Buford's heirs v. McKee, 1 Dana, 107; Cox v. Sprigg, 6 Md., 274; Phelps v. Pond, 23 N. Y., 69, 78; Carpenter v. Dodge, 20 Vt., 425; Frost v. Frost, 36 Vt., 639; Crump's Appeal, 36 Conn., 88: Henderson v. Henderson, 20 Mo., 379, 384; Story's Eq., 706, 787, 793, b. c. d.; Edwards v. Jones, 1 My. and Cr., 226; Price v. Price, 8 Eng. Law and Eq., 281; Hughes v. Stubbs, 1 Hare, 476; Moore v. Moore, 43 L. J. Ch. App. (N. S.), 623; Ayresworth, &c., v. Haddeman, &c., 2 Duv., 571; Day v. Roth, 4 Md. Chy., 149.)

The cases of Barkley v. Lane's Ex'or, 6 Bush, 588; Barton v. Barton, 80 Ky., 215; Williamson v. Yager, 91 Ky., 282, commented on.

D. G. FALCONER OF COUNSEL ON SAME SIDE.

The language used by the testator created a trust. (Gordon v. Young's Adm'r, 10 Ky. Law Rep., 681; Merritt v. Merritt's Ex'or, 9 Ky. Law Rep., 721; Stephenson's Adm'r v. King, 81 Ky., 425, and cases cited;

Merriwether v. Morrison, 78 Ky., 512; Southerland v. Southerland's Adm'r, 5 Bush, 591; Turpin v. Thompson, &c., 2 Met., 420; Ellis v. Secor, 18 Am. Rep., 178; Lowe v. Francis, 6 Am. St. Rep., 298; Perry on Trusts, sec. 86; Barclay v. Lane's Ex'ors, 6 Bush, 587.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The testator, J. W. George, died in Fayette county in the year 1887. He left a will that was executed in January, 1886, and a codicil annexed in January, 1887. He held a note on his brother-in-law, J. M. Roche, for twenty-five hundred dollars, dated on the 21st of January, 1884, and made payable at the banking house of D. A. Sayre & Co., at Lexington. This note is not specially mentioned in his will, but would pass under the general devise made to his wife and children, if not otherwise disposed of. He accumulated a very large estate, and shortly before his death seems to have been desirous of making some provision for his sister, the wife of the obligor in the note for twenty-five hundred dollars, and endeavored to vest in her by parol the right to this note to be held by her for her separate use. Whether or not he accomplished this purpose is the question involved on this appeal. The executor of the will instituted this action on the note against Roche, and his wife asserted her title to it by reason of an alleged trust created by her brother for her benefit shortly before his death. That a trust may be created by parol in personal property is not questioned, and the main contention is that the intention of the testator to create a trust was never made complete.

The party in whom the trust was confided was his son Joseph, who was made one of the executors, but never qualified, or rather was made executor in the event those named failed to act as such. The testator expressed

his intention to give this note to his sister on several occasions, and at Long Branch, in August, 1887, the testator said to his son he wanted the note collected and the proceeds paid over to his sister, Mrs. Roche. This is shown by D. B. Kirk, a brother-in-law of the testator, and who was appointed one of the executors, but did not qualify. Dr. Steele, of the city of New York, an intimate personal friend of the testator, was his physician, and came with him from New York to the residence of his sister, Mrs. Roche, near Lexington, where the testator died. About forty-eight hours before his death he asked the physician if he could commit to his charge a matter of much importance, and called on a man by the name of Gray to witness what he was about to say to his friend Steele. He said to his physician : "There would be found a note among his papers from his brother-in-law, Roche, for about two thousand five hundred dollars; that he wanted him to say to his son Joseph he wanted that note collected from his brother-in-law and the proceeds to be given to his, testator's, sister Alice, for her individual use and benefit; " and a few moments before he died he said to the doctor, "Be sure and not forget to tell Joe to execute this wish." The note was then in New York with his other papers. This statement is corroborated by the witness Gray, and the case comes to this court upon the facts in no wise contradicted. It is manifest that this was neither a gift *causa mortis* or a gift *inter vivos* and the question is, did he appoint his son Joseph a trustee without transmitting the possession of the note to him and thereby create a trust empowering him to collect the note for the separate use of testator's sister? We think he did. His son was notified of this transfer by the father,

and whether he was or not willing to accept the trust is immaterial; the chancellor will not permit it to fail by reason of the refusal of the named trustee to act.

In the case of Barkley v. Lane's Ex'ors, reported in 6 Bush, 587, this court held: The authorities are all agreed that to fasten a trust on property by parol declaration it is only necessary that the language used clearly and explicitly manifest the owner's purpose to transfer the right, and point out with certainty both the subject of the trust and the person who is to take the beneficial interest. This same rule is referred to in Southerland v. Southerland's Adm'r, reported in 5 Bush, 591, where a trust was created in favor of the wife upon testimony not as strong as in this case, but still it was clear, undoubted and explicit. In the recent case of Williamson v. Yager, 91 Ky., 282, the authorities were reviewed and this court said, in seeking to enforce a trust of this character, "the donee must show that nothing has been left undone by the donor necessary to create the trust, and if nothing is required of the court but to give effect to the trust as executed, it will be carried into effect although the possession of the property was not changed." Other authorities might be cited, but those referred to sustain the judgment of the Superior Court sustaining the trust, and reversing the judgment below denying to the wife of the obligor the relief sought. It is argued with much force by counsel for the executor that the facts of this case show only an intention to give, and to establish a trust upon such testimony would be a dangerous precedent, by reason of the facility with which this character of testimony may be obtained. If the views of counsel are to prevail then no case can well be made out creating a trust by

parol, unless the facts make the gift come within the doctrine of gifts *causa mortis* or *inter vivos*, when possession must be delivered. We think, to establish a trust by parol, the chancellor should require certain and undoubted testimony, and when it is conflicting in its character and such as to leave in the mind of the court a rational doubt as to the act of the testator by which the transfer is claimed to have been made, the chancellor should deny the relief. Here the transfer of the right to the note was evidently made. The subject of the trust is certain and the person having the beneficial interest is named: " Be sure and not forget to tell Joe to execute my wish." The trust was created and this note, or its proceeds, should be secured to the separate use of Mrs. Roche.

Reversed and remanded for proceedings consistent with this opinion.