CASE 52—PETITION ORDINARY—APRIL 25.

# Massachusetts Benefit Association v. Richart.

## Same v. Patrick.

APPEALS FROM CAMPBELL CIRCUIT COURT.

1. DEFECTIVE PLEADING—INTENDMENT AFTER VERDICT.—When a defective pleading states facts sufficiently general to comprehend a fair and reasonable intendment, and there is enough in it to show that the plaintiff had a cause of action, the defect in the pleading will be cured by a verdict.

WRIGHT & ANDERSON FOR APPELLANT.

1. It was a condition precedent to the validity of the policy of insurance that the payment of the first premium should be made, and that there should be an actual delivery of the policy to the insured during his life-time and while he was in good health.
2. The allegation in the petition "that said Charles C. Patrick paid all dues and mortuary premiums provided for in said policy and in accordance with said semi-annual rate in full up to his death," is not a sufficient plea of the payment of the premiums, but is merely a conclusion of law.
3. In a suit on a life insurance policy the pleading as to the proof of death must be in the particular manner required by the terms of the policy; otherwise the pleading will be considered defective.
4. A pleading should be construed most strongly against the pleader, and where there is a traverse in a pleading, followed by a confession and avoidance, the traverse becomes valueless and the confession and avoidance remains the only plea to be considered; and if that plea is so defective as to leave the new matter in the answer undenied, the defendant is entitled to judgment on the pleadings.
5. In a suit on an insurance policy the plaintiff must allege facts showing the performance of all conditions precedent to his right to sue, and the omission of such averments is fatal, either on demurrer or in case of a judgment by default. An allegation in a general way that all the conditions of the policy had been fulfilled, is not a sufficient allegation of a performance of conditions precedent. (Royal Insurance Co. v. Smith & Beall, 8 Ky. Law Rep., 521.)

L. J. CRAWFORD FOR ANNA C. PATRICK.

1. It is not necessary to allege payment of consideration in suing on a contract which acknowledges receipt of such payment and which is filed with the petition as part of it. (32 Am. State Reports, 362; May on Ins., Sec. 591; Wood on Ins., Vol. II, page 552; Bacon on Benefit Soc. and Life Ins., 455 and 460; Cook on Life Ins., Sec's 14-93 and 123; 11 Arnold on Ins., 1287; 92 Am. Dec. page 529; 85 Am. Dec., page 240 and note; 85 Am. Dec., page 610 (Ky case referred to); 1 Duval, 92; 92 U. S., 377; Pridmont v. Erving, 60 Federal, 236; 5 Am. R. R. & Co. reports 463 and note; Winifred on Adjudged Words and Phrases, page 310.)

2. Insurance companies are held responsible for the knowledge of their soliciting agents. (Kenton Ins. Co. v. Downs, 90th Ky., page 245. Wright's Adm'r v. Northwestern Mutual Life Ins. Co., 91st Ky., page 208.)

E. P. SIMMONS FOR ANNA B. RICHART AND JOHN RICHART.

1. When the fact of *satisfactory proof furnished* is alleged, such an allegation is an allegation of fact. (Newport Light Co. v. City of Newport, 14 Ky. Law Rep., 55; L. & N. R. R. Co. v. Fletcher, 11 Ky. Law Rep., 260; Pomeroy on Remedies, etc., section 549.)

2. Provisions of life insurance policies not inserted in the body of same are simply matters of defense and not conditions precedent. Cronkhite v. Travelers' Ins. Co. of Hartford, Conn., 17 Am. St. Rep., 184; Redman v. Aetna Ins. Co., 49 Wis., 431; Cooper v. Poston, 1 Duval, 92; Arnold on Ins., 1287; Pino v. Merchants' Mutual Ins. Co., 92 Am. Dec., 529; Firemans' Fund Ins. Co., etc., v. Meschendorf, etc., 14 Ky Law Rep., 757; Nichols v. Smitt, etc., 78 Ky., 630; Royal Ins. Co. v. Schwing, 10 Ky. Law Rep., 382.)

OTTO WOLFF FOR ANNA B. RICHART AND JOHN RICHART.

1. When the fact of *satisfactory proof furnished* is alleged, such an allegation is an allegation of fact.

2. Provisions of insurance policies not inserted in the body of same are simply matters of defense and not conditions precedent.

J. W. MENZIES FOR APPELLEES.

1. The word "acceptance" used in connection with "satisfactory proof" means "reception."

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

There seems to have been a trial in this case with a verdict and judgment for the plaintiff, and no bill of evidence with the record, so the entire case turns upon the question of pleading. Did the pleading authorize the verdict; and, if the pleading is defective, was it not cured by the verdict? There was no demurrer, general or special.

The doctrine of intendment implies after verdict in this State as at common law, and if the averments of the petition are too general, by reason of statements that all precedent conditions have been complied with on the part of the plaintiff, and proof satisfactorily offered of the death of the insured, as well as other general averments, such defects will be cured by verdict. These two actions are on policies of insurance, with an answer in the one case and a verdict and judgment in the other without any defense.

It is averred that the lives of the persons deceased were insured for the benefit of the plaintiffs, and the policies executed and delivered by the company to the insured, with a general averment of performance on the part of those interested in the policy or all entitled to its benefits. The rule is, where the declaration states facts sufficiently general to comprehend a fair and reasonable intendment, the defective statement will be cured by the verdict. There is enough in either petition to show the plaintiff had a cause of action.

The answer filed in the one case places in issue only the false statements alleged to have been made by the deceased when making his application for insurance. This is denied by the reply, and it was pleaded by the plaintiff that appellant's agent knew all about the matters of which the company now complains, and was the agent not only of the company sued, but was the agent of the company to which ap-

plication for insurance had been made and refused, and the answer that no other insurance had been applied for was made by the agent who was cognizant of all the facts. The case went to the jury on the testimony that is not before us, and what was proven or the instructions are not disclosed by the record. There is no merit in either appeal.

Judgment affirmed in each case.