Case 20—Action by Joseph Denunzio's Receiver against Charles
Scholtz as in an Action on Lost Notes.—Dec. 17.

# Denunzio's Receiver v. Scholtz.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT ÂND PLAINTIFF APPEALS.  AFFIRMED.

GIFTS INTER VIVOS—CORPORATE STOCK—DELIVERY—WITNESSES—COM-
PETENCY—COMMUNICATION TO ATTORNEY.

Held:   1. The owner of a mercantile business decided to incorporate
the same, and on doing so one-third of the stock was issued to
an employe, who had formerly been given one-fourth of the
profits of the business in lieu of salary.  The owner at the same
time took the employe's notes for the stock, and retained the
stock as security, but thereafter spoke of the employe's valuable
services, declared his intention to give him the stock, delivered
the certificate to him, and tore up the notes.  HELD, a sufficient
delivery of the subject-matter to constitute a gift *inter vivos.*

2. An attorney was employed by the owner of a mercantile business
to prepare articles of incorporation for the business, and was
at that time told by the owner that he intended to give an em-
ploye a certain amount of stock.  Later the attorney was em-
ployed to prepare the owner's will, and was then told that the
stock had been given to the employe.  The attorney's advice
was not asked as to the giving of the stock.  Civil Code Prac.,
section 606, subsec. 5, declares that no attorney shall testify
concerning a communication made to him in his professional char-
acter by his client without the client's consent.  HELD, that,
as the communications to the attorney with reference to the
gift of the stock did not concern the matter with reference to
which he was employed, the statute did not render him in-
competent to testify thereto.

SHACKELFORD MILLER AND WALLACE & MILLER, FOR APPEL-
LANT.

## POINTS AND AUTHORITIES.

MOTION FOR JUDGMENT NON OBSTANTE VERDICTO.

1. The failure of defendant to plead in his answer acceptance

and delivery of the alleged gift entitles the plaintiff to judgment on the pleadings notwithstanding the verdict. Civil Code, sec. 386; Scollard's Admr. v. Scollard, 22 Ky. Law Rep., 23.

2. The stock was not the subject matter of the gift, since on March 17, 1893, the date of the alleged gift, the stock belonged to Scholtz and not to Denunzio.

3. The destruction of the notes without fraud on the part of the plaintiff did not deprive Denunzio of his ownership of the debt nor dominion over the same. Civil Code, sec. 7.

4. The allegation that Denunzio tore up the notes with the intention of making a gift of the debt, does not constitute a delivery of the subject matter of the gift. The gift must be perfected by as complete delivery as the nature of the property will permit. Payne v. Powell, 5 Bush, 250; Hutch v. Atkins, 96 Am. Dec., 465 (56 Ms., 324); Ashbrook v. Ryans, 2 Bush, 228; Butler v. Scofield, 4 J. J. Mar., 139; Knott v. Hogan, 4 Met., 101; Am. & Eng. Ency. of Law, vol. 8, p. 21; Gray v. Barton, 14 Am. Rep., 181, (55 N. Y., 68); Justice v. Justice, 18 Atl., Rep., 674.

5. The cases of Williamson v. Yeager, 91 Ky., 282; Roch v. George, 96 Ky., 339; Sutherland v. Sutherland, do not apply to this case. Here there is no trust involved and the court will not interpose to perfect a defective gift by converting the same into a trust unless it is clear that the donor intended to create a trust. Young v. Young, 36 Am. Rep., 640 (80 N. Y., 422).

In this case if Denunzio tore up the notes for the purpose of releasing Scholtz it is evident that he did not intend to retain the title to the debt in him as trustee.

6. Tearing up the notes with the intention to make a gift is not good as a release, because without a valuable consideration. 20 Am. & Eng. Ency. of Law, 744; Strong v. Bird, 18 L. R. Eq., 315; Manakee v. McClosky, 23 Ky. Law Rep., 515; Jones v. Bullitt, 2 Litt., 51; Fenwick v. Phillips, 3 Met., 88; Stringfellow v. Williams, 6 Dana, 237.

7. The authorities in this State are uniform to the effect that if a pleading is defective in failing to allege an essential fact and no issue is formed to be tried as to the existence of that fact, judgment notwithstanding the verdict goes against him whose pleadings are so defective. The failure of defendant to allege the acceptance and delivery of the gift renders the pleadings fatally defective. Sousely v. Burns, 10 Bush, 87; Bogenschutz v. Smith, 84 Ky., 337; Fry's Exr. v. Lexington & Big Sandy R. R., 2 Met., 324; Fible v. Caplinger, 13 B. Mon., p. 456; Code of Practice. secs. 146, 147, 148, 149; Hanning v. Bassett, 12 Bush, 361; Callahan v. First Natl. Bank of Louis-

ville, 78 Ky., 6,04; Tye v. Catching, 78 Ky., 463; Gore v. Ill. Central R. R. Co., 17 Ky. Law Rep., p. 799; Phelps v. Elliott, 35 Fed., 461; Murrell v. McAllister, 79 Ky., 315.

MOTION FOR NEW TRIAL.

1. The testimony of Mr. Aaron Kohn was improperly admitted, because at the time he received the communication concerning which he testified, he was being consulted by Denunzio as his attorney, for the purpose of drawing up articles of incorporation of the Denunzio Fruit Company and drawing his will. The true test of the admissibility of such evidence is whether or not the attorney would have received the communication except for his professional employment. Civil Code, sec. 606, subsec. 4; Carter v. West, 93 Ky., 211; Greenleaf on Evidence, secs. 238, 240, 243, 245; Bank of Utica v. Mersereau, 49 Am. Dec., 220 (3 Burham Chy., 228); Parker v. Carter, 6 Am. Dec., 513 (4 Mansford, 1 vol., 273); Crisler v. Garland, 49 Am. Dec., 50 (11 Sims & Mon., Miss., 136); McLellan v. Longfellow, 54 Am. Dec., 599; (32 Maine, 494); Loder v. Whelpley, 111 N. Y., 248; Paige v. Lewis, 18 L. R. A., 177 (89 Va., 1); Gurley v. Park, 135 Ind., 440; Bruce v. Osgood, 113 Ind., 360; Henderson v. Terry, 62 Texas, 281; Ferguson v. Beam, 91 Cal., 63.

2. The cases of Hayden v. Easter, 15 Ky. Law Rep., 597, and Wicks v. Deane, 103 Ky., 69, have no application to the case at bar.

3. It being admitted that Mr. Scholtz was Mr. Denunzio's confidential adviser and manager, Mr. Denunzio leaned upon him in all matters, and Scholtz should not be permitted to retain this gift unless he establish by the most ample and convincing proof the entire fairness of the transaction and possession by Denunzio of full information and knowledge concerning the gift, and circumstances surrounding it, and of intentional action on the part of said Denunzio after competent and independent advice. Pomeroy's Eq. Jur., secs. 956, 957; Rhodes v. Bates, 16 R. Ch., 252; Price v. Thompson, 84 Ky., 228; Nichols v. McCarthy, 55 Am. Rep., 108 (53 Com., 299); Haydock v. Haydock, 34 N. J. Eq., 575; Huguenin v. Bosley, 2 L. C. Eq., 1183, notes, 1192-1194; Reed v. Carroll, 82 Mo. App., 102; Am. & Eng. Ency. of Law, 2d ed., vol. 14, p. 1011; Boyd v. De La Montagnee, 29 Am. Rep., 197, (73 N. Y., 498); McGill's Admr. v. Richards, 12 Ky. Law Rep., 717; Carter v. West, 93 Ky., 211.

4. The above being the law the court erred in instructing the

jury that they must find for defendant unless they found that Scholtz exerted an undue influence over Denunzio as a matter of fact, and in defining undue influence in this case to be such an influence exercised over the mind and acts of another as would induce him to do against his will a thing he would not do but for such dominant influence.

5. The court erred in instructing the jury that if they believe from the evidence "that Joseph Denunzio delivered the certificate of twenty shares of stock to the defendant, Scholtz, and destroyed all of said notes for the purpose of and with the intention to make a gift of the said stock to the defendant, Scholtz," they should find for the defendant, for the reason that said stock was not at said time owned by Denunzio, but was owned by Scholtz.

For authorities, see point number four, under motion for judgment *non obstante verdicto.*

6. It being admitted that Scholtz stood in the most confidential relations to Denunzio in life, and after his death was the adviser of the executor, being appointed by Denunzio in his will, it was incumbent upon him to make a full and fair disclosure of all his acts while occupying such relation, and all testimony which tended to show a design on his part to get possession of the stock of the Denunzio Fruit Company, whether before or after the death of Denunzio, is competent as showing a breach of the trust relation and the invalidity of the gift. See authorities above cited.

7. Evidence which but slightly tends to prove an issue is competent. Bland v. Gaither, 10 Ky. Law Rep., 1033; James v. Hayden, 10 Ky. Law Rep., 535; Mason v. Bruner, 10 Ky. Law Rep., 155; Jones v. Letcher, 13 B. Mon., 372; Lexington & Carter Mining Co. v. McNeal, 11 Ky. Law Rep., 135; Butler v. Scofield, 4 J. J. Mar., 139.

8. A party's conduct in so far as it indicates his own belief in the weakness of his case may be used against him as an admission. Greenleaf on Evidence, sec. 195.


KOHN, BAIRD & SPINDLE, for appellee.


POINTS AND AUTHORITIES.

1. Judgment *non obstante*, and gift of debts. Watson v. Cushman's Admr., 11 R., 181; Brown v. Brown, 11 R., 579; Brown v. Brown, 7 R., 376; Green v. Dudley, 6 R., 221; Lentz v. Park's Admr., 1 R., 317; Collins v. Blackburn, 14 B. Mon., 251; Beggs v. Maltby, 2 Met., 88; Dodd v. King, 1 Met., 430;

Huffaker v. Bank, 12 ·Bush, 287; Crosthwait v. Misener, 13 Bush, 543; Callahan v. Bank, 78 Ky., 604; Fink v. Procter, 22 R., 1728; 14 A. & E. Ency. of Law (2d ed.), 1008, 1015, 1027, 1028, 1039, 1040; Bunnell v. Bunnell, 23 R., 800 (64 S. · W., 420); Hacker v. Hoover, 23 R., 1849; Pennington v. Lawson, 65 S. W., 120.

2. A destruction of a note with an intention to give the debt to the debtor, constitutes a valid gift. Scollard's Admr. v. Scollard, 23 R., 23; Darland v. Taylor, 52 Iowa, 503 (35 Am. Rep., 285); Gardner v. Gardner, 22 Wend., 522-525; Grampan v. Hardin, 10 Johnson, 292; McKenzie v. Harrison, 120 N. Y., 260 (17 Am. St. Rep., 638); Gray v. Barton, 55 N. Y., 68; Albert v. Albert, 74 Md., 526; Carpenter v. Soule's Exr., 88 N. Y., 251; (42 Am. Rep., 248); Ferry v. Stephens, 66 N. Y., 321; Nelson v. Cartmell's Admr., 6 Dana, 8; Williamson v. Yager, 91 Ky., 282; Bispham's Principles of Equity, 101; Roche v. George, 93 Ky., 609; Merriwether v. Morrison, 78 Ky., 572; Watson v. Carmin, 1 R., 268; Turpin v. Thompson, 2 Met., 420; Ashbrook v. Ryan, 2 Bush, 228; Sutherland v. Sutherland, 5 Bush, 591; Jones v. Moore, 44 S. W., 126 (Ky); Rabb v. Rabb, 64 S. W., 624 (Ky.); Sibley v. Summers, 50 Atl., 320; Payne v. Powell, 5 Bush, 248.

3. Aider by verdict. Worthey v. Hammond, 13 Bush, 512; Railroad v. Theeman, 96 Ky., 507; Ins. 'Co. v. Reichart, 99 Ky., 302; Keener v. Baker, 93 Fed., 377; Davis v. Goodman, 62 Ark., 262 (35 S. W., 231); Mast v. Lehman, 100 Ky., 464; Hill v. Ragland, 24 R., 1053; Turner v. Prosper, 69 S. W., 1089 (Ky.).

4. Competency of an attorney as a witness.

Mr. Aaron Kohn was introduced as a witness by the appellee in his behalf, to prove statements made to him by Denunzio concerning the gift to appellee, to which appellant objects, on the ground that his testimony was the revelation of a confidential communication prohibited by statute.

We contend his testimony was competent:

(1) Because the communications were not made under the relation of attorney and client or in reference to anything pertaining to the attorney's retainer.

(2) Because, at the time the communication was made in the preparation of the articles of incorporation, the relation of attorney and client between Denunzio and Mr. Kohn did not exist. Mr. Kohn, in that matter, was the attorney of the corporation, and the communication did not pertain to any of the corporate affairs.

(3) Because, if the relation of attorney and client did exist between Denunzio and Mr. Kohn at that time, that that re-

lation also existed at the same time between Mr. Kohn and the appellee, Scholtz, because both Denunzio were incorporators equally interested in the subject matter of the preparation of the articles, and therefore the communication could not be privileged as between them.

(4) Because the communication concerning the will was made in the presence of a third person and was therefore not in fact confidential.

(5) Because all of the communications concerning the gift, were, by necessary implication, if not expressly understood by the client, not as confidential or to be kept secret, but on the contrary, to be divulged for the purpose of carrying out the client's desire and intentions.

(6) Because the litigation here is not adverse to the client, but is between parties claiming under him by titles friendly to him, both being of the same kind—one a donation by will, the other a donation by gift *inter vivos*. Russell v. Jackson, 8 Engish Law & Equity, 89, 15 Jure 1117, 9 Hare, 387; Greenough v. Gaskell, 8 English Law & Equity, 93, 94, 98; Blackburn v. Crawford's Lessee, 70 U. S., 175; Glover v. Patten, 165, U. S., 401; Appeal of Turner, 44 Atl., 314, 72 Conn., 305; Smith v. Caldwell 56 Pac., 590; Doheny v. Lacy, 61 N. E., 255, (166 N. Y., 213); Summer v. Oppenheimer, 44 N. Y., 401; Hibbard v. Haughton, 70 N. Y., 54; Covenny v. Tannehill, 1 Hill, 33; Aultman v. Daggs, 50 Mo. App., 298; Nelson Case, 64 Pac., 294 (132 Cal., 182); Curran v. Curran, 55 N. E., 1004 (154 Ind., 29); Sharon v. Sharon, 22 Pac., 26 (79 Cal., 633); Stallings v. Hullum, 15 S. W., 677; O'Brien v. Spaulding, 31 S. E., 100 (102 Ga., 490); Doherty v. Callaghan, 157 Mass., 90 (31 N. E., 726); Layman's Will, 42 N. W., 286 (40 Minn., 371); Coates v. Semper, 85 N. W., 217; Flood v. Pragoff, 79 Ky., 607; Henderson v. Ferry, 62 Tex., 281; Ferguson v. McBean, 91 Cal., 63; State v. McWhorter, 46 Iowa, 88; Greenleaf on Evidence, sec. 239, 3 Jones on Evidence, 769; Hoar v. Tilden, 59 N. E., 641; Rossean v. Blean, 131 N. Y., 177; Hall v. Renfro, 3 Met., 52; Rice v. Rice, 14 B. Mon., 417; Carter v. West, 93 Ky., 211; Greenleaf on Ev. (16 ed.), vol. 1, sec. 244; Tayler v. Roulstone, 22 R., 1516 (Ky.); Haydon v. Easter, 15 R., 297; Wicks v. Dean, 103 Ky., 69; Smick's Admr. v. Beswick, 24 R., 276.

4. No presumption of undue influence or unfairness arises against a donee who occupies toward the donor the relation of friend and faithful servant. Morris v. Morton, 14 R., 360; Berry v. Branham, 3 R., 756; Tabler v. Jones, 12 R., 189; Brown v. Brown, 14 R., 893; Ragsdale v. Ezell, 15 R., 495; Ins. Co v.

Kaiser, 13 R., 206; Ky. Tob. Assn. v. Ashley, 5 R., 184; Flood v. Pragoff, 79 Ky., 607; Com. v. Hourigan, 89 Ky., 305; Pomeroy's Eq. Jur., secs. 956 to 963, 907, 951; Bispham on Prin. of Eq., p. 290; A. & E. Ency. of Law (2d ed.), 1012; Greenfield's Estate, 24 Pa., 236; Jenkins v. Pye, 21 Peters, 241; Taylor v. Taylor, 8 How., 183; Jackson v. Ashton, 11 Peters, 229; Cowee v. Cornwall, 75 N. Y., 91; Price v. Thompson, 84 Ky., 219; McGill v. Richards, 12 R., 717.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

Joseph Denunzio, died in September, 1894, possessed of a very large estate. In June, 1878, the appellee, Charles Scholtz, who was then quite young, was employed by Denunzio, and continued in his service until his death. So faithfully did he serve his employer that he was advanced from time to time, until he was practically in charge of the business. In September, 1893, Denunzio was in bad health, and contemplated a trip to Hot Springs, Ark. Before going he conceived the idea of separating his large fruit business, managed by Scholtz, from his other business. So he concluded to organize a corporation, and its capital stock was fixed at $30,000. The stock was paid for by the assets of the fruit business. Previous to that time Scholtz in lieu of a salary was given one-fourth of the profits of the business. There was issued to Scholtz, $10,000 of the stock of the corporation. At the same time Denunzio took from Scholtz five notes, of $2,000 each, without interest, and retained the stock which had been issued in Scholtz's name as collateral security. The notes which Scholtz gave were not found among the assets of the estate, neither was the certificate of stock. This action was brought by the receiver, as in an action on lost notes. The defense to it is that the notes and certificate of stock were given by Denunzio to Scholtz inter vivos.

The principal question involved is, did Scholtz show that the gift had been consummated? The testimony discloses the general facts as stated, and in addition thereto that in March, 1894, Denunzio, in his place of business, spoke of Scholtz's long and valuable services, and declared his intention to give him the $10,000 stock in the corporation, and then delivered the certificate therefor to him, and tore up the notes taken from him for the $10,000.

It is insisted on behalf of the appellant that these facts did not constitute a delivery of the subject-matter of the gift, and therefore the effort to make the gift was ineffectual; that it could only have been done by an assignment or delivery of the notes. Several cases are cited by counsel for appellant, showing that there must be a delivery of the subject-matter of the gift and an acceptance of it. This is the general rule. The mere unexecuted intention to give of itself does not discharge an obligation. While the notes in this case were not handed to Scholtz, they were destroyed, and the certificate of stock actually delivered to him, with the intention that he should have it free from liability for the indebtedness in its purchase. In Roche v. Georges' Ex'r., 93 Ky., 609, 14 R., 584, 20 S. W., 1039, the court upheld a gift where the donor told his physician to tell his son Joseph that he wanted a certain note collected and the proceeds given to his sister. In Meriwether v. Morrison, 78 Ky., 572, the gift was upheld where the donor went to his desk, took out the notes, and handed them to a party, telling him to return them to the desk, and at his death deliver them to the party designated as the donee. In Stephenson's Adm'r v. King, 81 Ky., 425, 5 R., 374, 50 Am. Rep., 173, it was held that a delivery of an inventory to certain property in the possession of

an agent was a gift of the property. In Suther-
land v. Sutherland's Adm'r, 5 Bush, 591, it was held that
the gift of a note was effectual by a declaration of the
gift, the note then being in the hands of the trustee. In
some of these cases the court held that the act and declara-
tion of the donor created a trust, and the gifts were effec-
tual. In Darland v. Taylor, 52 Iowa, 503, 3 N. W., 510,
35 Am. Rep., 285, it was held that the destruction of the
notes, together with the declarations of the donor that he
did not intend for the defendant to pay the debt,
constituted a delivery. In Gardner v. Gardner, 22
Wend., 526, 34 Am. Dec., 340, it was held that the destruc-
tion of a bond given as an evidence of the debt and a declara-
tion that the money was his wife's, was held to be a gift.
In this case the donor did not only declare his intention
to make the gift, but actually delivered the thing of value,
to-wit, the certificate of stock, which he intended Scholtz
to have, and to make that effectual he destroyed the evi-
dence of the debt which incumbered the thing given. We
think that the gift was effected by the acts proven in the
case. The appellee is not only entitled to the presumption
that he did accept the gift, because it was beneficial to him
to do so, but the evidence shows that he actually accepted
it.

On the trial of the case Aaron Kohn was introduced as a
witness for the appellee to prove statements made to him
by Denunzio, concerning the gift to appellee. It is urged
that his testimony was not competent, because it was the
revelation of a confidential communication from a client to
his attorney, prohibited by subsection 5, section 606, Civil
Code Prac., which reads as follows: "No attorney shall
testify concerning a communication made to him in his pro-

fessional character by his client or his advice thereon, without the client's consent." It is insisted for the appellee that Mr. Kohn was a competent witness (1) because the subject-matter of his testimony did not pertain to any communication made to him in his professional character; (2) because if the communication was made to him in his professional character, it was not confidential or meant to be kept secret, but, on the contrary, was to be divulged for the purpose of effecting the intention and desire of the client. Kohn was employed to prepare the articles of incorporation of the fruit company. At that time Denunzio told him that he intended to give Scholtz $10,000 worth of the stock. Kohn prepared Denunzio's will at a subsequent date, at which time he told him that he had given the stock to Scholtz, and torn up the notes and given him the debt. Kohn testified that the information as to the giving of the stock and the destruction of the notes was not a matter upon which Denunzio asked his advice and had nothing to do with their confidential relations. The conversation detailed by Kohn as to the delivery of the certificates of stock and tearing up the notes was in the presence of J. G. Fisher, now deceased, a friend of Denunzio. It was not the subject-matter about which the client was consulting the attorney. The first statement was made when the consultation took place in regard to the articles of incorporation. The employment was to prepare the articles of incorporation, and not to advise with reference to giving away the certificates of stock therein. The second conversation took place in a consultation during an employment to prepare the will of the client. He did not consult the attorney about property which he had previously given away. The client's purpose was to dispose of the property

that he owned, not of that with which he had previously parted. The will did not mention the Scholtz notes. The Code provision referred to is simply a declaration of the common law as to privileged communications of clients. Taylor v. Roulstone, 22 R., 1515, 60 S. W., 867, 61 S. W., 354. The policy of the rule makes communications of clients to attorneys with reference to the subject-matter of consultations privileged, so as to encourage full confidence upon the part of the client in order to aid in the administration of the laws by the courts. This is upon the theory that the client will disclose everything within his knowledge in regard to the subject-matter of the employment. This being true, a communication made by a client to an attorney during the course of the employment, but not in regard to the subject matter of the employment, is not privileged. Instead of the client intending that his statements should be privileged, it would seem that he intended that they should be made public, if necessary, because they were made in the presence of an attorney and another person. It would seem that he wanted his lawyer and his friend to know that he had given the stock to Scholtz, and destroyed the notes. To give this information would seem to be carrying out the desire of Denunzio. In Blackburn v. Crawford, 3 Wall., 175, 18 L. Ed., 186, the court held an attorney competent to testify to statements made by a deceased client in an action between the heirs and lessee. After recognizing the policy of the rule to be as we have stated, it was said: "But there is another ground upon which we prefer to place our decision. The client may waive the protection of the rule. The waiver may be expressed or implied. We think it is effectual here by implication as the most explicit language

could have made it.  It could have been no clearer if the client had expressly enjoined it upon the attorney to give this testimony whenever the truth of his testamentary declaration should be challenged by any of those to whom it related.  A different result would involve a perversion of the rule, inconsistent with its object, and in direct conflict with the reasons upon which it is founded."  In Doheny v. Lacy, 168 N. Y., 223, 224, 61 N. E., 258, it is said:  "The veil of strict secrecy is thrown over communications between attorney and client when they are presumably of a confidential character, but, if the evidence discloses that the circumstances surrounding the transactions were such as not to warrant the presumption that the communications were in confidence, the Code  provision  is  inapplicable.  .  .  .  The reason of the rule is in the necessity of secrecy, in order that persons needing professional advice shall be encouraged to disclose freely and without fear the facts upon which that advice shall be given."  In Hall v. Renfro, 3 Metc., 52, the court said:  "We are aware of no statute or rule of practice which excludes or renders incompetent as a witness an attorney in behalf of his client. Civil Code, section 670, defines with great exactness and precision the classes of persons who shall be incompetent to testify, and attorneys are not embraced in either of the classes enumerated, except the fifth, which excludes an attorney concerning any communication made to him by his client, in that relation, or his advice thereon, without the client's consent.  In all other cases an attorney is a competent witness for or against his client.  Whether  he should or should not testify while the relation subsists is a question of professional propriety, which he alone is to de-

termine for himself, and with which the court has no concern."

The answer does not in express terms say that Scholtz accepted the gift, but in a general way states the gift was made. Besides, it is averred that the notes were destroyed and the stock was delivered to the defendant. The question was tried as to whether the gift was effectual under the facts we have detailed, and the jury returned a verdict, under proper instructions, for appellee. Without entering into a discussion as to whether the answer was defective, it is sufficient to say the verdict cured it, if the defect existed. In Association v. Richart, 99 Ky., 302, 18 R., 95, 35 S. W., 541, the court held that when a defective pleading states facts sufficiently general to comprehend a fair and reasonable intendment, and there is enough in it to show that the plaintiff had a cause of action, the defect in the pleading will be cured by a verdict.

We are unable to find an error in the admission of testimony for the defendant, or any error in rejecting testimony offered by the plaintiff, which was prejudicial to the rights of the appellant.

Denunzio was the master and Scholtz the servant. Denunzio evidently was a man of strong mind, and managed and controlled his business, and there is not the slightest evidence that Scholtz exercised any control of him whatever. The evidence simply shows that he was a faithful servant, and had the esteem and confidence of his employer. He was not acting as trustee for Denunzio, nor did he even have possession of the property when it was given to him. The facts do not create a presumption that undue or improper influence was used to obtain the gift.

The judgment is affirmed.