# Ginn's Administratrix et al. v. Ginn's Administrator et al.

(Decided November 25, 1930.)

218

M. J. HENNESSEY for appellants.

M. MARGETT for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Dewitt Ginn, in 1921, was appointed adminstrator of the estate of his first wife and guardian of their only child, Billie Holmes Ginn, who was about three years of age. The estate of Mrs. Ginn consisted of stocks and bonds derived almost entirely by gift from her father and valued at $6,600.

Thereafter Dewitt Ginn remarried, had two children, and died intestate in 1928. The surviving widow, in her own right, and as administratrix of the estate, with her two infant children, by next friend, instituted this action against the administrator de bonis non of the estate of the first wife and the infant, Billie Holmes Ginn, to recover their alleged interests in the property of the first wife. The suit was predicated upon the theory that Dewitt Ginn had inherited from his first wife one-half of her surplus personalty, which, upon his death, had descended to his widow and children. The administrator de bonis non, who was also guardian of Billie Holmes Ginn, filed answers setting up that Dewitt Ginn had renounced his interest in the estate of his first wife and had settled it upon his child Billie Holmes Ginn.

The circuit court decided in favor of defendants, and the plaintiffs have prosecuted an appeal.

The facts are few, and an abridged statement will suffice to illustrate the problem presented.

At the time Dewitt Ginn was appointed administrator of the estate of his first wife and guardian of their only child, he requested W. O. Holmes, his father-in-law, to accompany him to the county seat and to sign his bond in each fiducial capacity. He then said that he desired to turn over to his child, Billie Holmes Ginn, the entire estate left by the child's mother. The county judge asked Mr. Ginn if he claimed any part of the property left by his deceased wife to which he was entitled by law, and he answered that the property had been given to his wife by her father, and he thought the child was entitled to all of it. He further expressed a wish and gave directions that no allotment be made to him, but that the whole estate be given to the child. The judge then prepared an inventory of the entire estate as belonging to the infant and charged it to Ginn as guardian. The paper thus prepared was verified by the oath of Mr. Ginn. The paper was lost, but its contents were proven very satisfactorily. Mr. Holmes then signed as surety the bonds of Mr. Ginn as guardian and as personal representative. Nothing further was done, but the property, with its accretions, was kept intact, and at the death of Mr. Ginn was in his custody. Most of it still stood in his name as administrator. Thereafter, from time to time, Mr. Ginn stated that he had turned the entire estate of his first wife over to the child because he knew it was the wish of her mother. Shortly before his death he changed the beneficiary of his life insurance from Billie Holmes Ginn to his second wife, stating that he had already provided for Billie by transferring to her his own share in the estate of her mother.

Appellants' brief succinctly states the effect of the evidence as follows: "It is clear and convincing from the evidence that it was the intention of Dewitt Ginn to give his interest in the estate of his deceased wife to the child, Billie Holmes Ginn, and also that he firmly believed and was convinced that he had done so when the County Judge asked him if he waived all his rights to his share of his wife's estate and he said he did so, and signed the inventory as guardian of Billie Holmes Ginn, and in addition required him to make oath to the correctness of the

list; he thought that completed the transaction, and operated to transfer all of the estate of the child.''

It is argued, however, that the purpose of Ginn must fail because it was a mere gift and incomplete for lack of delivery from the administrator to the surviving husband, and from the latter to the infant's guardian, and, further, that the acts related did not constitute a parol trust with himself as trustee for the child, because he thought he was holding the property as guardian for the child and not as trustee for her.

It will be seen that Dewitt Ginn had the custody and control of the securities, and, whether he held them in one or the other capacity, he acknowledged at all times that the child was the beneficial owner. A trust may arise out of a contract or a gift, and the present record manifests every element essential to renounce the claims of Ginn and to establish the rights of the child. Reynolds v. Thompson, 161 Ky. 772, 171 S. W. 379. The declared purpose of the donor was accomplished by acts that not only indicated conclusively, but executed effectually that intention, and which were tantamount to a delivery of the subject-matter of the trust. Roche, etc., v. Georges' Ex'r, 93 Ky. 609, 20 S. W. 1039, 14 Ky. Law Rep. 584.

An imperfect gift may be enforced as a trust when it possesses all the elements thereof and the proof is clear and undoubted. 28 C. J. p. 633; 39 Cyc. 75; 26 R. C. L. sec. 21, p. 1185; Dick v. Harris' Ex'r, 145 Ky. 739, 141 S. W. 56; Williamson v. Yager, 91 Ky. 282, 15 S. W. 660, 13 Ky. Law Rep. 273, 34 Am. St. Rep. 184.

The mere expression of a wish to give, unaccompanied by acts sufficient to execute the purpose, will not be enforced; but any acts or words manifesting a present execution of the donor's intention are sufficient. Denunzio's Receiver v. Scholtz, 117 Ky. 182, 77 S. W. 715, 25 Ky. Law Rep. 1294, 4 Ann. Cas. 529; Krankel v. Krankel, 104 Ky. 745, 47 S. W. 1084, 20 Ky. Law Rep. 901; Williamson v. Yager, 91 Ky. 282, 15 S. W. 660, 13 Ky. Law Rep. 273, 34 Am. St. Rep. 184.

The absence of an indorsement on the stock certificates, or bonds is not a material circumstance. Williamson v. Yager, 91 Ky. 282, 15 S. W. 660, 13 Ky. Law Rep. 273, 34 Am. St. Rep 184; Talbot v. Talbot, 32 R. I. 72, 78 A. 535, Ann. Cas. 1912C, page 1221.

The fact that the husband's legal title to one-half of the surplus personalty in the estate of his wife was post-

poned until the debts were paid does not impair his power to create a trust therein in favor of his child. Indeed, it does not appear that any debts existed, and his declarations confirming what he had done were repeated after sufficient time had elapsed to entitle him to take legal title to the surplus. A trust is not dependent upon a legal title being in the settlor, but may be created in property to which only a present equitable or reversionary title is established. Bispham's Principles of Equity, p. 110; Perry on Trusts and Trustees (7th Ed.) sec. 102; Commonwealth v. Louisville Public Library, 151 Ky. 420, 152 S. W. 262.

The facts exhibited leave no room for doubt that Dewitt Ginn renounced unequivocally all interest in the estate of his wife, and the circumstances established conclusively that he held the property solely for the use and benefit of his child. If he had attempted to assert a claim thereto, his conduct would have constituted a complete defense; and appellants, who stand in the shoes of the ancestor (Hargis v. Flesher Petroleum Co., 231 Ky. 442, 21 S. W. (2d) 818), are precluded by the same undisputed facts.

The judgment is affirmed.