JUDGE HARDEST
delivered the opinioh oe the court.
W. N. Lane died in 1868, having made and published his last will and testament in 1866, in which he devised to each of his two daughters, Ann Barkley and Elizabeth Lane, seventy-five acres of land, valued at forty dollars per acre, apparently to equalize them with his five sons with respect to advancements previously made; and he so disposed of the residue of his estate as to preserve equality among his children with due regard to advancements. But it seems that the testator before his death determined to provide that his daughters should have one thousand dollars each more of his estate than was given them by the will, because, as he declared, he considered the use' of the lands he had advanced to his sons equal to one thousand dollars to each of them from the time they were given until his daughters would become possessed of those devised to them. And to accomplish that object he designated the principal sums of two promissory notes, which he held, of one thousand dollars each, severally on B. Whaley and G. Spratt, which he declared that he gave to his daughters, except the interest thereon during his life or while the debts remained unpaid — that he reserved to himself; and for that reason he kept the notes in his possession instead of delivering them to his daughters; and besides verbally declaring the fact, he expressed it by the following written memorandum on the back of the note of Whaley: “In my own handwrite I give, free of all charges, the within note of one thousand dollars, *589 interest excepted, to Elizabeth Lane and Ann Barkley, my two daughters, equally, if not paid before my death. I mean by interest excepted, I claim the — especially. If neither principal — is paid before my death, the principal to them and the interest to my estate, for purpose best known to myself. Also a note on G-. Spratt of one thousand dollars, to them equally, if not paid before my death.”
In this suit between the executor and devisees of W. N. Lane, he having died in possession of the notes, the claim of his daughters and their husbands to the principal of the debts was litigated and adjudged unavailable; and the correctness of that decision is questioned by this appeal.
The memorandum on the note of Whaley, though in the handwriting of W. N. Lane, was not signed, and could not in any sense be regarded as a testamentary paper; nor was the transaction such as to constitute a gift causa mortis, nor even a gift inter vivos, according to the rules of law determining the validity of such transfers of property, unless the peculiar facts of the case exempted it from the general rule making a "delivery of the thing given essential to the validity of the gift. But it is insisted for the appellants that the facts were sufficient to constitute a parol trust, enforcible in a court of equity. As the subject of the trust sought to be established in this case was personal estate only, no writing was necessary to transfer it, and the trust could have been created in parol and proved by parol evidence. (Hill on Trustees, 55; Lewin on Trusts and Trustees, 56.) Nor was it essential to the validity of the trust that a trustee be formally appointed, as the owner of property may convert himself into a trustee and hold it for the benefit of another without transmuting the possession. (Tiffany and Bullard’s Law of Trusts and Trustees, 354.)
*590 But tbe authorities all agree that to fasten a trust on property by mere parol declaration tbe language used must be clear and explicit, manifesting tbe owner’s purpose to transfer tbe right, and pointing out with certainty, both tbe subject of tbe trust and tbe person who is to take tbe beneficial interest. These we think were fully proved in this case; and we are therefore of the opinion that tbe court erred in rejecting tbe appellant’s claim.
As to tbe arrangement between tbe parties, under which John Lane gave up tbe unexpired term of bis lease, we perceive no error in tbe judgment. But for tbe reasons we have indicated tbe judgment is reversed, and tbe cause remanded for a settlement of tbe rights of tbe parties consistently with this opinion.