CASE 14.—ACTION BY MARY F. BROWN AGAINST DAVID
BROWN'S ADMINISTRATOR TO ENFORCE A
PAROL TRUST.—May 26.

# Brown v. Brown's Admr.

Appeal from Fleming Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From a judgment dismissing the petition plaintiff
appeals—Affirmed.

1. Trusts—Parol Trusts—Essentials.—In order to fasten a trust
by mere parol declaration, the subject of the trust as well as
the cestui que trust must be definitely ascertained.
2. Same—Proceedings to Establish — Pleading—Sufficiency.—In
an action to enforce a parol trust, the petition alleged that
during the life of petitioner's mother petitioner's father sold
two slaves belonging to the mother for $500, investing the
proceeds in land for the mother's benefit, but taking title
thereto in himself; that during the mother's lifetime the father
recognized the claim of the wife for $500, and after her death,
up to the time of his death, he recognized the claim as belong-
ing to the petitioner, claiming to hold the same in trust for
her. Held, that the petition was insufficient to show a com-
plete trust, but at most showed an intention at some future
time on the part of the father to set apart $500 for the benefit
of petitioner.

B. F. GRANNES for appellant.

That a trust may be created by parol and the title to the
property so held, vest and remain in the beneficiary by the mere
declaration of the donor and trustee without actual delivery, is
well established.

## AUTHORITIES CITED.

Amer. & Eng. Ency. of Law, 1st Ed., vol. 8, p. 1323; Williamson

Brown v. Brown's Admr.

v. Yager, 15 S. W., 660; Barkley v. Lane, 6 Bush, 589; Roche v. George's Executor, 93 Ky., 611; Barton v. Barton, 80 Ky., 215; Perry on Trusts, 96; Crews v. Crews' Admr., 67 S. W., 276.

JNO. P. McCARTNEY for appellee.

As this case is presented by the pleadings and by counsel's brief, it is plain that plaintiff's contention cannot be maintained and that the demurrer to the petition was properly sustained in the lower court.

### AUTHORITIES CITED.

Revised Statutes, ch. 80, sec. 20; Ch. 47, art. 2, sec. 2; Ch. 30, sec. 11, subsec. 3; Hocker, &c. v. Gentry, &c., 3 Met., 474, 475; Kentucky Statutes, ch. 80, secs. 2543, 2515, 2506; Robinson's Committee v. Flam's Exor., 90 Ky., 302, 303; Stillwell, &c. v. Leavy, &c., 84 Ky., 384, 385; Am. & Eng. Ency. of Law, 1st Ed., vol. 8, p. 1323, sec. 8; Cyc. vol. 20, p. 1202; Denunzio's Receiver v. Scholtz, 77 S. W. Rep., 715.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellant's cause of action is stated in the following excerpt from her petition: "Plaintiff says: That the estate of David Brown, her father, is indebted to this plaintiff in the sum of $500. That the claim arises in this wise: That during the lifetime of plaintiff's mother, now deceased, her said mother was the owner of two slaves. That with her consent David Brown sold said slaves about 1847 to 1848 for the sum of $500, and invested the proceeds thereof for the use and benefit of this plaintiff's mother in a tract of land, taking the deed to himself. That during the lifetime of plaintiff's mother the decedent, David Brown, recognized the claim of his wife, this plaintiff's mother, for the said sum of $500, and claimed to hold the same in trust for her. That this plaintiff's mother died many years ago intestate, leaving this

child as her only heir at law, and after her death her father, David Brown, chose to and did recognize said claim of $500 as belonging to this plaintiff, and claimed to hold said $500 in trust for this plaintiff. That he recognized said claim of $500 up to the time of his death, and claimed to be holding said sum of $500 in trust for this plaintiff.'' Subsequently the plaintiff amended her petition, but in our opinion the amendment adds nothing to the value of the pleading. A general demurrer was filed to the petition as amended, and sustained by the court, whereupon the appellant (plaintiff) declined to plead further, and her petition was dismissed. From this judgment, she has prosecuted an appeal.

We are of opinion that the trial court was correct in sustaining the demurrer. Appellant's father, David Brown, died in 1905. He sold two slaves belonging to his wife in 1847 or 1848 for $500, which he invested in land, taking the title to himself. The money belonged to him as the law then stood. We think the allegations of the existence of a trust in regard to the money are entirely too vague to be enforceable. It had been a part of the estate of the father for 57 years. It does not appear that he accounted either to the mother or daughter for any interest on the money invested, and the fact that he gave it out in oral statements that he recognized the $500 as constituting a trust fund in his hands, first for the benefit of the mother and afterwards for the daughter, at best amounts to a verbal promise to pay that sum to them at some future time, and thus constitutes an unexecuted promise, which cannot be enforced as a trust. The rule is well settled that the subject of the supposed trust, as well as the cestui que trust, must be definitely ascertained in order to

be enforceable; and, if this is not done, no trust is established. In the case of Barkley, etc. v. Lane's Ex'r, etc., 6 Bush, 587, it is said: "But the authorities all agree that to fasten a trust on property by mere parol declaration the language used must be clear and explicit, manifesting the owner's purpose to transfer the right, and pointing out with certainty both the subject of the trust and the person who is to take the beneficial interest." In the case of Krankel's Ex'x v. Krankel, by, etc., 104 Ky. 745, 47 S. W. 1084, 20 Ky. Law Rep. 901, it is said: "If there is a mere intention to create a trust, or a mere voluntary agreement to do so, and the donor contemplates some further act to be done by him to give it effect, the trust is not perfect, and equity will not lend its aid to enforce it"—citing 2 Pom. Eq. Jur. section 997; Williamson v. Yager, 91 Ky. 282, 13 Ky. Law Rep. 273, 15 S. W. 660, 34 Am. St. Rep. 184; Roche v. George's Ex'r, 93 Ky. 609, 20 S. W. 1039, 14 Ky. Law Rep. 609. In 1 Perry on Trusts (5th Ed) section 86, it is said: "The subject-matter of the trust must be clearly ascertained, as well as the purposes of the trust and the persons who are to take the beneficial .interests. Loose, vague, and indefinite expressions are insufficient to create the trust. A mere declaration of a purpose to create a trust is of no value unless carried into effect. A simple promise of a future donation without consideration good or valuable creates no trust that equity can enforce." In the case of Allen v. Withrow, 110 U. S. 119, 3 Sup. Ct. 517, 28 L. Ed. 90, the Supreme Court of the United States said: "So far as the personal property conveyed to Withrow is concerned, it must be admitted that a trust may be established by parol evidence; but such evidence must be clear and convincing, not doubtful, un-

certain, and contradictory, as in this case.'' In the light of these authorities ,giving the allegations of the petition the fullest effect, we are of opinion that they do not state facts which show a complete and enforceable trust. As said before, at best they merely show an intention at some future time to set apart $500 of the settler's money for the benefit of the plaintiff (appellant). Such an imperfect contract cannot be enforced as a trust.

Judgment affirmed.