## May, et al. v. Smith's Admr., et al.

(Decided November 13, 1917.)

### Appeal from Boyd Circuit Court.

1. Trusts—Parol Trust—Requisites of.—In order to fasten a trust on property by a mere parol declaration, it is necessary that the language used should be clear and explicit, manifesting the owner's purpose to transfer the right and pointing out with certainty both the subject of the trust and the person who is to take the beneficial interest. An expressed desire or intention to pay a specified debt for the payment of which the donor is not legally liable, is not in itself sufficient to show that he set apart or appropriated money to pay it.

2. Executors and Administrators—Suit Against to Recover Money Unlawfully Paid.—An action by the persons entitled thereto may be maintained against an administrator to recover money wrongfully paid out by him.

3. Executors and Administrators—When Burden on Administrator to Show Legality of Payment.—When an administrator pays out of funds in his hands a debt that his intestate was under no legal obligation to pay, the burden of proof is on him to show the legality of the disbursement.

FLANERY & HARRIS for appellants.

GEORGE B. MARTIN and R. S. DINKLE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Mrs. Diana Smith died intestate in Boyd county in 1912, and the appellee, R. L. Galloway, was granted letters of administration on her estate. Thereafter this suit was brought by her heirs at law to recover from the administrator $1,471.24 that he had wrongfully paid, as they alleged, to discharge a street improvement claim of the city of Catlettsburg. The lower court dismissed the petition and the heirs appeal.

It appears from the record that in 1908 Mrs. Smith, who then owned several houses and lots in Catlettsburg, as well as a tract of land in Pike county, Ky., conveyed all this property to Dolly Galloway and Hattie Spears. The deed provided that "Nothing in this deed shall im-

pair the right in the second parties to sell and convey any or all of the said real estate during their lifetime or the lifetime of either," and further provided that "This conveyance is made subject to the right of the grantor to sell and convey any or all of said real estate during the life of said grantor."

It further appears that some months previous to the death of Mrs. Smith the street improvement was made for which the city of Catlettsburg had a lien on the property conveyed by Mrs. Smith to Dolly Galloway and Hattie Spears, and that Mrs. Smith was desirous of selling enough of the property that she had conveyed to these grantors to satisfy the street improvement claim. That pursuant to this purpose, and by virtue of the authority reserved in the deed, she sold the land in Pike county before her death for $1,040 in cash, and this money was deposited in the bank to her credit. It also appears that she sold a piece of the Catlettsburg property, but there is no competent evidence to show how much this was sold for or what disposition was made of the money. But the street improvement claim was not at once paid because of some controversy that arose between the city and the property owners, and it was not until after her death that it was paid by her administrator out of the money on deposit to her credit, $1,040.00 of which had been received from a sale of the property before mentioned.

The administrator defended his right to pay this improvement claim upon the ground that $1,471.00 of the money in the bank had been placed there by Mrs. Smith during her life for the purpose of paying this claim and was, in fact, a trust fund created by her for this purpose; while the heirs at law contend that no part of the money in the bank was placed there by Mrs. Smith to pay this street improvement claim, nor was it impressed with any trust for this purpose. They further say that the street improvement claim was a lien on the property conveyed by Mrs. Smith to Dolly Galloway and Hattie Spears and consequently they should have satisfied the claim out of their own money.

From this statement of the case it will be seen that the correctness of the judgment of the lower court, holding that the administrator was justified in paying this improvement claim, turns on the question whether the money in bank appropriated for this purpose by the administrator had been put there by Mrs. Smith for the

purpose of satisfying the street improvement claim and became thereby impressed with a trust for this purpose.

It will be observed that in the deed to Dolly Galloway and Hattie Spears Mrs. Smith reserved the right to sell and convey any or all of the real estate conveyed to them, and pursuant to this reservation she did, shortly before her death, sell the land in Pike county and also a piece of the Catlettsburg property.

It appears from the evidence that Mrs. Smith intended to pay this improvement claim and sold some property for the purpose of raising the money with which to pay it, but except as to the $1,040.00—the proceeds of the Pike county land—there is no competent evidence to show that the money on deposit in the bank was the proceeds of property sold by Mrs. Smith for the purpose of raising the money to pay the improvement claim. The evidence does not show from what source the remainder of the money on deposit came, and it is insisted by counsel for the heirs that although there may be evidence that the proceeds of the Pike county land were set apart for the purpose of paying this street improvement claim, there was not sufficient evidence to show that the proceeds of the sale of the Catlettsburg property were set apart for this purpose. So it is contended, in the first place, that the evidence is not sufficient to show an appropriation of any of this money in bank by Mrs. Smith for the purpose of paying this improvement claim or to show that it was set apart by Mrs. Smith for that purpose, or that it was sufficiently identified to be treated as a trust fund intended by the creator to be applied to the payment of this debt. And it is further contended that in no event should the lower court have treated any part of this deposit, except the proceeds of the Pike county land, as a fund appropriated to pay this claim.

This brings us back to the question, is the evidence sufficient to show that enough of this money on deposit to pay this improvement claim was set apart by Mrs. Smith for that purpose? We are inclined to the view that the proceeds of the Pike county land were set apart by her for this purpose, although the evidence on this point is not entirely satisfactory.

But a more serious question arises concerning the right of the administrator to take out of the remainder of this deposit a sufficient sum to pay the balance of the street improvement claim. As we have said, there is no evidence to show from what source the remainder of this

money on deposit was derived. It does not appear whether it was a part of the proceeds of the sale of the Catlettsburg property sold by Mrs. Smith or not. In fact, there is no evidence tending to show when it was deposited or how Mrs. Smith came into the possession of it.

In an effort to impress a fund like this with a trust character; or to identify it as money set apart for a particular purpose, we think there should be some evidence showing that the particular fund sought to be subjected was, in fact, set apart by the donor for the purpose to which it is attempted to divert it. Upon this vital question the evidence for the administrator, except as to proceeds of Pike county land, fails. When he paid out of funds of his intestate a debt that his intestate was under no legal obligation to pay, it was incumbent upon him to show his right to so appropriate the money. In other words, the burden of proof was upon him to show the legality of the disbursement, and we think he failed to do this, except to the extent of the funds arising from a sale of the Pike county land.

It is true the evidence shows that Mrs. Smith wanted to pay the street improvement claim, although she was not personally liable for it, but this desire, or this expressed intention on her part, to pay it was not in itself sufficient to show a setting apart or an appropriation of money to pay it. There was no direction by her to any person to use the money she had in bank or elsewhere in the payment of this street improvement claim. She merely said that she intended to pay it. But in order to carry this intention into effect, so that any fund that she had might be treated as having been set apart for the purpose, it was necessary that she should have designated or described in some way the fund that she appropriated for this purpose, or that she should have committed some act in connection with her declaration tending to show an appropriation of a particular fund for a specific purpose. In other words, it is necessary, as said in Barkley v. Lanes' Exor., 6 Bush 587, in order "to fasten a trust on property by mere parol declaration, that the language used must be clear and explicit, manifesting the owner's purpose to transfer the right, and pointing out with certainty both the subject of the trust and the person who is to take the beneficial interest." To the same effect are Brown v. Brown's Admr., 129 Ky. 138; Graham's Admr. v. English, 160 Ky. 375.

For the reasons indicated, the heirs should have a judgment for the difference between $1,471.24, the amount paid out by the administrator, and $1,040.00, the proceeds of the sale of the Pike county land.

Wherefore, the judgment is reversed, with directions to enter a judgment as indicated.