## Smith's Administrator v. Smith, et al.

(Decided May 28, 1926.)

### Appeal from Pike Circuit Court.

1. Gifts.—To constitute gift inter vivos, property must be delivered absolutely, and gift must go into immediate effect.

2. Gifts—Administrator can Collect Balance of Note Under Collateral Agreement Providing for Payments to Deceased as Demanded with Balance to His Heirs, such Agreement Not Constituting Valid

Inter Vivos Gift of Note to Heirs.—Where collateral agreement with note given to deceased provided for payments to him as demanded with balance due at his death to be paid his heirs equally, administrator, on his death, was entitled to collect balance; such agreement not constituting a valid inter vivos gift of note to heirs, since deceased might collect all the note if he saw fit to do so.

J. C. CANTRELL for appellant.

STATON & KEESEE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER.—
Reversing.

The appellant, whom we will refer to as the adminitrator, sued the appellees, whom we will call the defendants, upon a note. He was unsuccessful, and has appealed. The note sued on is:

"Williamson, W. Va., May 24th, 1924.

"One year after date, we, the undersigned, J. M. Smith and French Smith, agree to pay A. J. Smith the sum of three thousand dollars ($3,000.00) with interest at 6% per annum.

"J. M. SMITH (Seal)
"FRENCH SMITH, (Seal)"

Defendants admitted the execution of the note, but pleaded that simultaneously with the execution of the note, the parties to it executed the following paper.:

"It is understood between the parties hereto that the said note of three thousand dollars ($3,000.00) is to be paid to A. J. Smith along as he should demand and need the same, and any amount so paid shall be credited on the said note, and any amount of said note or interest that not be paid to the said A. J. Smith in his lifetime should be paid to the heirs of said A. J. Smith, each sharing equally, in said unpaid balance of note, whatever it may be.

"J. M. SMITH (Seal)
"FRENCH SMITH (Seal)
"A. J. SMITH (Seal)."

No part of this paper except his signature is in the handwriting of A. J. Smith.

Defendants pleaded that they had paid $1,031.04 on this note; that A. J. Smith left seven children, all of

whom were more than twenty-one years old; that A. J. Smith died owing no debts, and that it was their duty to pay the balance of this note to these seven children. It was the contention of the defendants that they were by this second paper made trustees of this fund, and that the seven children of A. J. Smith were the beneficiaries of this trust, and that the balance of this fund, not collected by A. J. Smith in his lifetime was by terms of this paper given by A. J. Smith to said beneficiaries, and that it was their duty to pay this balance to them.

To sustain their contention, it would be necessary to hold that a valid *inter vivos* gift of this money to his children was made by A. J. Smith. We cannot hold that, for the reason that A. J. Smith by the paper in question, clearly has the right to demand and collect all of this note, if he saw fit to do so, in other words, if he made a gift he reserved the right to revoke it; hence this was not an *inter vivos* gift.

"To constitute a gift *inter vivos,* the property must be delivered absolutely. The gift must go into immediate effect. Where future control over the property remains in the donor until his death, there is no valid gift *inter vivos.*" See Stark v. Kelley, 132 Ky. 376, 113 S. W. 498. Brewer's Admr. v. Brewer, 181 Ky. 400, 205 S. W. 393.

It follows that the action of the trial court in holding that the administrator was not entitled to collect the balance due on this note was erroneous.

We had before us a paper similar to these and reached a similar conclusion in the case of Knott's Admr. v. Hogan, 61 Ky. (4 Met.) 90.

The judgment is reversed and the cause remanded for consistent proceedings.