## Biehl v. Biehl's Adm'x.
(Decided April 21, 1936.)

HELEN McCABE COOK and A. R. HOFFMAN for appellant.

BENTON, BENTON, SMITH & LUEDEKE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The controlling question is the sufficiency of the evidence to sustain the judgment of the chancellor.

Louis M. Biehl, deceased, a resident of Campbell county, in his lifetime was the owner of:

> "100 shares of the common stock of the Consolidated Oil Corporation, then in the name of Louis M. Biehl, dated May 22nd, 1933, certificate No. 122776;

"100 shares of common stock of the Shell Union Oil Corporation, in the name of Louis M. Biehl, dated April 24th, 1930, certificate No. N. Y. 7546;

"4 shares of common stock of the Shell Union Oil Corporation, in the name of Louis M. Biehl, dated April 24th, 1933;

"One Five Hundred Dollar note executed by Raymond G. Cravaack and Catherine Cravaack, which was made payable to his attorney, Frank V. Benton, and which was secured by a real estate mortgage;

"One One Hundred Fifty Five Dollar note executed by Raymond G. Cravaack and Catherine Cravaack to Louis M. Biehl."

Cora Biehl, his sister, in an action filed by Biehl's administratrix against her by appropriate allegations asserted title to the above property as a gift inter vivos.

A "gift inter vivos" is one between living persons to operate, if at all, in the donor's lifetime, immediately and irrevocably. "It is a gift executed. No further act of parties, no contingency of death or otherwise, is needed to give it effect." See Robson v. Robson's Adm'r, 3 Del. Ch. 51, 62; Moore v. Shifflett, 187 Ky. 7, 216 S. W. 614; Foxworthy v. Adams, 136 Ky. 403, 124 S W. 381, 27 L. R. A. (N. S.) 308, Ann. Cas. 1912A, 327; Reynolds v. Thompson, 161 Ky. 772, 171 S. W. 379; Stark v. Kelley, 132 Ky. 376, 113 S. W. 498; Dick v. Harris' Ex'r, 145 Ky. 739, 141 S. W. 56; Brewer's Adm'r v. Brewer, 181 Ky. 400, 205 S. W. 393; Smith's Adm'r v. Smith, 214 Ky. 785, 284 S. W. 83. Such a gift is not complete without a delivery. Cincinnati Finance Co. v. Atkinson's Adm'r, 235 Ky. 582, 31 S. W. (2d) 890. See cases, supra. A written instrument purporting to make a gift of personal property, such as notes, stocks, or bonds, is ineffectual to pass the title when there was no delivery actual or constructive by the donor of either the writing or the property and no acceptance by the donee. Payne v. Powell, 5 Bush, 248; Bowles, By, etc., v. Rutroff et al., 216 Ky. 557, 288 S. W. 312, 313.

In the Bowles Case, shares of stock of a bank were indorsed by the owner as follows:

"For value received, I hereby sell, assign and transfer to John Bowles, Jr., ——— shares of the capital stock represented by the within certificate and do hereby irrevocably constitute and appoint Tom Williamson and W. W. Gray to transfer said stock on the books of the within named corporation, with full power of substitution in the premises."

The certificates of stock, with this indorsement on them, were never delivered to any one nor was the stock transferred on the books of the bank, but remained in the control and possession of the donor. We held it ineffective as a gift inter vivos.

In the pending case each certificate of stock was indorsed by Louis M. Biehl, thus:

"For value received, I hereby sell, assign and transfer unto Miss Cora Biehl ——— shares of the capital stock covered by the within certificate, and do hereby *irrevocably* constitute and appoint Miss Cora Biehl attorney to transfer the said stock on the books of the within named corporation, with full power of substitution in the premises.

"June 21, 1933.

"[Signed] Louis M. Biehl."

According to the principles stated in the Bowles Case, Biehl's indorsement on the certificates, without the same being delivered to Cora Biehl or some one for her, or the stock transferred on the books of the corporation, the control and possession thereof remaining in him, there is no escape from the conclusion that the indorsement was not effective as a gift inter vivos. This conclusion is not in conflict with the principles applied in the Bank of America v. McNeil, 10 Bush, 54, which is so hopefully relied on by Cora Biehl.

The $500 and $155 notes, it is conceded, were properly indorsed by Louis M. Biehl to his sister. It is her further contention that the proven facts adequately establish an actual delivery of the certificates of stock and the notes by Louis M. Biehl to her. The trial court decreed that the certificates of stock and the $155 note never had been delivered to her, and therefore were the property of the estate of Louis M. Biehl. A review of the evidence discloses that excepting the testimony of Cora Biehl, the certificates and the $155 note were

never delivered to her, and the control and possession of them remained in Louis M. Biehl at the time of, and until, his death, but the $500 note was delivered and the control and possession of it was in Cora Biehl before his death.

The testimony showing when, how, and where she acquired control and possession of the $500 note is undisputed, and since no direct or cross appeal has been taken from the decree adjudging her the owner of it, no further consideration will be given it.

It is the contention of Cora Biehl that Louis M. Biehl delivered her the certificates of stock and the $155 note a few days before she rented a safety deposit box of the American National Bank, in which she later placed them. To substantiate this, she testified that at the time he delivered them to her he gave her this property for the reason she had taken care of, and been good to, their mother; he was going away for his health, and in the event anything should happen to him, he wanted her to be taken care of and also her mother; that the safety deposit box was originally rented in her and her brother's name; but later it was changed to her name, so that in the event of his death the box would be sealed and nobody but her would have access to it. Thereafter, on June 22d, he called her and requested that she go with him to the safety deposit box and get the certificates of stock out of it, stating at the time that he wanted to go to see Mr. Benton in a few days for the purpose of having a will drawn and that he was going to have the stock transferred to her on the books of the corporations. Thereupon, she removed them from the safety deposit box and gave them to him for the purpose of his having them so transferred. He then indorsed them, put them in his pocket, and announced that at the first opportunity he was going to have them transferred on the books of the corporations. She and others testified that he was at the home of their mother, when he asked for pen and ink, sat down at the table, and wrote the indorsement on each certificate and signed it and retained possession of them, saying that he did so for the purpose of having them transferred in her name on the books of the corporations, and that she never again received them of him. It is conceded that the certificates were in a pocket of his coat at his home, at the time of his death, where they were later

found by his widow. She insists that the certificates with his indorsement are sufficient evidence of her ownership. She argues:

"It is an elemental principle of law that a written instrument speaks for itself as does the assignment on the reverse of the stock certificates; Miss Grau, a totally disinterested witness, has testified to appellant's presence when the decedent irrevocably indorsed to appellant the said stock certificates."

As authority conclusively sustaining this, she relies on Bank of America v. McNeil, supra, to which we have already referred, and it is unnecessary again to review it.

Cora Biehl's testimony was excepted to by the administratrix "on the ground that she was not now, and never would be, a competent witness for herself."

Under the express provision of subsection 2, section 606, Civil Code of Practice, prohibiting a party testifying for himself as to a transaction with a decedent, her testimony was incompetent. A gift to a donee cannot be so established. Dick v. Harris' Adm'r, 145 Ky. 739, 141 S. W. 56; Anderson's Adm'r v. Darland, 192 Ky. 624, 234 S. W. 205; Combs v. Roark's Adm'r, 221 Ky. 679, 299 S. W. 576.

She contends that his widow, who was the administratrix, testified in behalf of the estate, and that this fact renders the whole of her testimony competent in her behalf. We cannot accept this view. The rule is, a party may testify concerning transactions with a decedent when a representative or some one interested in his estate has testified with reference thereto; that is, he can only testify as to matters referred to by the representative or some one interested in the case. Section 606, Civil Code of Practice; Schnute Holtman & Co. v. Sweeney, 136 Ky. 773, 125 S. W. 180; Barton v. Barton's Adm'r, 142 Ky. 487, 134 S. W. 902; Turner's Adm'r v. Ward, 201 Ky. 295, 256 S. W. 389.

An examination of the testimony of the widow and representative discloses that no question propounded to, or answered by, her, concerned any transaction with or any statement of, or any act done or omitted to be done by, Cora Biehl and Louis M. Biehl, or either of them, or with reference thereto. The widow's testi-

mony only related to how, when, and where she found the certificates of stock after the death of Louis M. Biehl. She was not asked, nor did she answer, concerning any statement of either Cora or Louis M. Biehl relating to the stock certificates or the indorsement or delivery thereof. Therefore, the testimony of Cora Biehl as to matters not referred to in the testimony of the widow and representative was not rendered competent because of the widow's testimony. Civil Code, supra; Hollon v. Weatherford's Adm'r, 259 Ky. 142, 82 S. W. (2d) 208.

The deposition of Cora Biehl was taken, also, by the administratrix as on cross-examination; but it was not filed nor made a part of the record. Such did not constitute a waiver of the estate's right to object to the incompetency of her testimony. Saylor v. Saylor, 151 Ky. 694, 152 S. W. 763; Ky. Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S. W. 237; Arrington v. Sizemore, 241 Ky. 171, 43 S. W. (2d) 699.

This identical question was determined adversely to her in Arrington v. Sizemore, and in Ky. Utilities Co. v. McCarty's Adm'r, supra.

The administratrix filed in open court written exceptions to her testimony concerning transactions with and statements of the decedent on which she exclusively depends to show the delivery to her by the decedent of the certificates of stock and the $155 note.

Her testimony in this respect was incompetent, and the court properly sustained the exceptions to it. With her testimony thus eliminated, the other evidence entirely fails to show a delivery of the certificates of stock and the $155 note to her by the decedent, which, as we have stated, was indispensable to her right thereto as a gift inter vivos.

The decree of the chancellor is in accord with our views. It is, therefore, affirmed.