Clara STEWART, Appellant,

v.

Elias BRANDENBURG et al., Executors of Estate of Emma Center, Deceased, Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1964.

Henry C. Cox, Lancaster, for appellant.

James S. Chenault, Chenault & Coy, Richmond, for appellees.

C. R. WALDEN, Special Commissioner.

This is an action by Clara Stewart against the executors of the estate of Emma Center for the value of the decedent's estate or, in the alternative, for the reasonable value of plaintiff's service to the decedent. The jury verdict for the plaintiff in the sum of $4,500 was set aside by the trial judge, and

a judgment notwithstanding the verdict entered for the defendants. The trial court, pursuant to CR 50.03, ruled that in the event the judgment n. o. v. were held erroneous, then the verdict is flagrantly excessive and a new trial should be awarded. The parties will be designated plaintiff and defendant.

The plaintiff is the wife of the decedent's nephew. She claims that over a period of many years prior to the decedent's death in 1959 she rendered various services to the decedent such as gathering eggs; washing her clothes; cleaning her house; driving the decedent to town for shopping, to visit friends, to attend funerals; gathering the vegetables from her garden and occasionally cooking for her. She maintains that the decedent repeatedly told her, "I won't pay you now but you will be paid later on" and, "You will get paid for this and you will be paid well." Throughout much of the period in dispute plaintiff was employed in a full-time job working 5½ days per week.

During the year 1958 plaintiff only saw the decedent on occasional visits. The nurse who attended the decedent during the four months preceding her death in September, 1959, testified the plaintiff never visited the decedent during that time. Various witnesses for the defendants testified that as late as 1953 the decedent was able to care for others who were ill. Another witness, who shared rooms in the same dwelling house as the decedent, stated that during 1958, one year before her death, she was able to and did take care of herself. Witnesses for the defendants deny ever hearing the decedent mention any payment or the expectation of making any payment to the plaintiff. Witnesses for the plaintiff, on the other hand, do recall the decedent's statements that plaintiff would be paid for her services.

The general rule is that members of a decedent's "family" cannot recover for ordinary and usual services furnished to the decedent unless there is an expressed or implied contract for the payment of such services. The law presumes such services gratuitous when rendered by relatives, and where a relative alleges the existence of a contract it requires clear and convincing evidence to overcome this presumption. As was stated in Thompson v. Close, 280 Ky. 720, 134 S.W.2d 635, 637 (1939), "the express agreement must be clear and convincing that such an agreement was made, and that casual or indefinite expression of an intention to pay, even by the execution of a will, are not sufficient." Even though the plaintiff is not a blood relation of the decedent, she is the wife of the decedent's nephew, and the testimony clearly indicates she is a member of the family group. Thus, the rule found in McWhorter v. Pitman's Adm'r, 196 Ky. 618, 245 S.W. 133 (1922); Sword v. Moore's Adm'r, 303 Ky. 507, 198 S.W.2d 215 (1946); and Allen v. Smith, 208 Ky. 207, 270 S.W. 782 (1925), is equally applicable.

Absent an express contract, a member of the family may recover for services rendered a decedent only where the services are of extraordinary nature or where there is an expectation of payment and a clear indication on the part of the decedent of intention to pay. The services in this case do not qualify as extraordinary but are those typically rendered by a member of the family group to one of the family who is sick or ill. The trial court properly set aside the jury verdict and dismissed plaintiff's complaint.

Prior to the trial of this action the defendant took but did not file the deposition of the plaintiff. The trial judge sustained plaintiff's motion that this deposition be filed. The deposition inquired in some detail into plaintiff's services to the decedent and into various statements allegedly made by the decedent indicating a possible intention to compensate plaintiff for her services. At the pretrial hearing the court ruled that the taking of the plaintiff's deposition in which an inquiry was made into statements by the decedent did not constitute a waiver of the dead man's statute. KRS 421.210(2).

Accordingly, at the trial of the action the court allowed the defendants to object to the

admissibility of all of plaintiff's responses insofar as they contained statements made by the decedent.

The question is presented to the court, for the first time since the adoption of the Civil Rules, whether the dead man's statute, KRS 421.210(2), is waived by the taking of a discovery deposition of the claimant against the decedent's estate. Although under the Civil Code of Practice, § 606(8), a party could take the opponent's deposition as if upon cross-examination, he could not use that deposition upon the trial of the case unless it had been filed prior to the trial. See Civil Code, § 585. A number of cases of this court have held the mere taking of the deposition of a claimant regarding transactions with a decedent removed the disqualifications imposed by the dead man's statute and allowed that witness to testify to these transactions at the trial. Wilhelm v. Orlamuende's Adm'x, 228 Ky. 719, 15 S.W.2d 511, (1929); Arnold v. Cocanaugher, 170 Ky. 712, 186 S.W. 488, (1926); Coy v. Pursifull, 249 Ky. 57, 60 S.W.2d 93, (1933); Hull v. Simon, 278 Ky. 442, 128 S.W.2d 954, (1939). Some Kentucky cases have held the critical element constituting waiver of the dead man's statute to be not the taking of the deposition and inquiry regarding transaction with the decedent, but rather a filing of those depositions as a part of the record. Young v. Mitchell, 302 Ky. 551, 194 S.W.2d 965, (1946); Biehl v. Biehl's Adm'x, 263 Ky. 710, 93 S.W.2d 836, (1936); Arrington v. Sizemore, 241 Ky. 171, 43 S.W.2d 699, (1931). In Young the deposition was filed. The court held that the appellants had thereby waived the incompetency of the testimony. In Biehl the court held an unfiled deposition did not constitute waiver. And in Arrington the court reaffirmed this view, citing the fact that a litigant can take a deposition and never file it. Accordingly, until 1953 the rule of law in Kentucky appears to have been the waiver of the dead man's statute depended solely upon the filing of a deposition of a witness whose testimony involved inquiry into transactions with a decedent.

CR 30.06 imposes upon the official taking a deposition the duty that he "[P]romptly shall deliver the deposition to the clerk of the court in which the action is pending, or send it by registered mail to the clerk for filing." Thus, the Civil Rules require that all depositions be filed and no longer leave the filing to the discretion of the litigants and their attorneys. The question now arises as to what significance the filing should have in view of the earlier cases which regard the filing (there permissive) as a waiver. This question is answered by CR 26.06, which reads:

"The taking of a deposition or the questioning of a deponent shall not make evidence admissible which is otherwise incompetent or constitute a waiver of objections to its admissibility."

■ Thus, CR 30.06, coupled with CR 26.06, indicates no waiver is imposed by the taking or the filing of a deposition.

This court has repeatedly interpreted the Civil Rules to allow great freedom to the litigants in the pretrial discovery process. This freedom to range far and wide in the discovery deposition is merely intended as a means of allowing litigants the opportunity, prior to the trial, to develop fully all aspects of the case in order that the issues and the evidence may be more clearly focused at the time of the trial. Although in a case such as this it is possible for one litigant to extract from the other information, the admissibility of which he may later properly object to, this is a sacrifice which must be made for the overall freedom allowed in the rules.

The federal cases construing the Federal Rules consistently hold that the taking of a deposition does not constitute a waiver. One of the few exceptions is Mutual Life Ins. Co. v. Green, 37 F.Supp. 949, (W.D.Ky, 1941), which applied the evidentiary rules of Kentucky, whose rules at that time, as seen from the above cases, treated the filing of a deposition as a waiver.

Appellants further contend that the trial court erred in awarding a new trial in the event this court were to hold the granting of a judgment n. o. v. erroneous. CR 50.03 allows the joinder of motion for a new trial with a motion for judgment n. o. v. and requires the trial court upon granting a judgment n. o. v. to rule upon a motion for a new trial. The purpose is to determine whether a new trial should be granted if the trial court's judgment n. o. v. is vacated. In this case the trial court followed CR 50.03, as required, and we find no error in its ruling.

We recommend that the judgment be affirmed.

The opinion is approved by the court and the judgment is affirmed.