**Anna Ruth GILBERT, Appellant,**

v.

**Jeffrey H. HOOVER, as Executor of the Estate of Marshall Reed Stephens, Appellee.**

**NO. 2014–CA–001304–MR**

Court of Appeals of Kentucky.

RENDERED: APRIL 15, 2016; 10:00 A.M.

Brief for Appellant: Joel Randolph Smith, Jamestown, Kentucky.

Brief for Appellee: Benjamin D. Allen, Lexington, Kentucky.

BEFORE: COMBS, D. LAMBERT AND VANMETER, JUDGES.

### OPINION

COMBS, JUDGE:

Anna Ruth Gilbert appeals from an order of the Russell Circuit Court granting partial summary judgment to Jeffrey H. Hoover as executor of the estate of Marshall Reed Stephens. Gilbert had filed a claim for the reasonable value of her ser-

vices to the decedent. After our review, we affirm.

Marshall Reed Stephens died testate on January 19, 2012. He was survived by his daughter and granddaughter. On May 10, 2012, Gilbert, Stephens's live-in companion and a beneficiary of his will, filed a claim against the estate. She requested the payment of $405,600 for services rendered to Stephens during a period of five and one-half years immediately preceding his death. On May 25, 2012, she filed a claim against the estate requesting transfer of a 2010 Chevrolet pickup truck registered to Stephens that she alleged had been a gift to her from him. By letters dated June 19, 2012, the executor of the estate notified Gilbert that both of her claims would be disallowed.

On July 9, 2012, Gilbert filed her complaint in Russell Circuit Court, and discovery ensued. On March 31, 2014, the executor of the estate filed a motion for partial summary judgment. The executor contended: (1) that there was no evidence to show the existence of any genuine issue of material fact with respect to Gilbert's claim for compensation for services rendered to Stephens and (2) that the estate was entitled to judgment as a matter of law. Gilbert responded to the motion, arguing that deposition testimony revealed the existence of an implied contract for compensation. The circuit court concluded that there was no genuine issue of material fact that prevented the entry of summary judgment with respect to Gilbert's claim for payment for her services to Stephens. The court held that the evidence showed, unequivocally, that Gilbert had provided the services gratuitously. By order entered July 15, 2014, the circuit court granted the executor's motion for partial summary judgment. The trial court designated the order to be final and appealable

and indicated that there was no just cause for delay. This appeal followed.

In her claim against Stephens's estate, Gilbert alleged that she had provided various services to the decedent, including: feeding his livestock; cleaning the stockyard; repairing and cleaning his home; shopping for him; keeping the lawn; tending and harvesting a garden; preparing meals; washing and ironing his clothes; driving him to appointments; and caring for him during the period of his illness before his death. She and others claimed that the decedent repeatedly declared that he "was going to make sure [Gilbert] was took care of."

In her deposition, Gilbert also stated that Stephens told her "not to worry about things." Michelle Barger, the girlfriend of Stephens's nephew, indicated in her deposition testimony that Stephens expressed to her his intention to "take good care of [Gilbert], I will make sure that she's always taken care of." Allen Stephens, the decedent's nephew, testified that his uncle had told him for years that he and Gilbert were going to get married in the next few weeks. Gilbert testified that she and Stephens pooled their resources, that they were "life partners," and that they lived together as a family. She indicated that she regarded herself as his wife.

The law presumes that ordinary services performed by family members are gratuitous. *Stewart v. Brandenburg*, 383 S.W.2d 122, 123 (Ky.1964). Consequently, members of a decedent's family cannot recover for ordinary services provided to the decedent unless there is an expectation of payment and a clear indication on the part of the decedent to pay for those services. *Id.* The presumption that services have been performed gratuitously can be rebutted only by demonstrating—through clear and convincing evidence—that the decedent intended to pay the claimant for

her service. *Id.* "[C]asual or indefinite expression of an intention to pay, even by the execution of a will, are not sufficient." *Stewart, supra, citing Thompson v. Close,* 280 Ky. 720, 134 S.W.2d 635, 637 (1939).

Although Gilbert was not married to the decedent nor was she his blood relative, the record plainly demonstrates that she and Stephens enjoyed a familial relationship. The nature of the relationship that existed between them would lead a reasonable person to believe that Gilbert performed her ordinary services gratuitously. Gilbert stated that she had done many things for Stephens in the years during which they lived together as a family. She said "I enjoyed doing it ... we done things together, that's what we both liked to do." Gilbert explained that she provided the services "because I wanted to do it for him." She admitted that she was not expecting payment at the time she rendered services and that Stephens made only vague and indefinite remarks concerning his intention to provide for her.

■ The nature of the relationship between Gilbert and Stephens supported a presumption that Gilbert's services were performed gratuitously. Consequently, the burden shifted to Gilbert to show by clear and convincing evidence that Stephens intended to pay her. Clear and convincing proof does not necessarily mean uncontradicted proof. *Rowland v. Holt,* 253 Ky. 718, 70 S.W.2d 5 (1934). But in order to overcome the presumption, the proof must be of such a probative and substantial nature as to convince prudent-minded people. *Id.*

■ Evidence presented to the court indicated that Gilbert and Stephens did not have an agreement—either express or implied—that Gilbert would be paid for her services. She never wavered from her testimony that she did not expect payment at the time she rendered her services and

that Stephens never told her he would pay for her services. Instead, Gilbert indicated that she acted out of love and kindness and that Stephens accepted her services as part of their mutual affection. While Gilbert and others indicated that Stephens often remarked that he would "take care" of her, these statements fall short of clear and convincing evidence that an agreement to compensate Gilbert for her services existed. Consequently, the estate was entitled to judgment as a matter of law. The circuit court did not err in granting the motion for partial summary judgment.

The judgment of the Russell Circuit Court is affirmed.

ALL CONCUR.